**MARSHALL INVESTIGATION & SECURITY AGENCY,**
Appellant,

v.

**Tracy Suzanne WHITAKER, individually, and as next friend for Daniel Cody Whitaker, a minor child, Appellee.**

No. 01–94–01275–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 16, 1997.

Andrew T. McKinney, IV, Kim A. Cooper, Houston, for Appellant.

S. Craig Daniell, Houston, Anthony P. Griffin, Galveston, Grady Paris White, Houston, for Appellee.

Before SMITH,[1] O'CONNOR and HEDGES, JJ.

## OPINION

SMITH, Justice (Retired).

In this limited appeal, Marshall Investigation & Security Agency, the prevailing party in the trial court, challenges the trial court's authority to assess ad litem's fees against it.

Appellee, Tracy Suzanne Whitaker sued appellant, her husband's former employer, in her individual capacity and as next friend for her minor son, Daniel Cody Whitaker. The basis for such suit was appellant's alleged gross negligence that caused her husband's death.

Upon motion by appellee's attorney, the trial court appointed S. Craig Daniell as attorney ad litem to represent the minor's interest. Daniell is the real party in interest in this appeal.

A jury trial ensued, and based on the jury's findings, the trial court rendered a take-nothing judgment in favor of appellant. A separate hearing was held on the ad litem's fees; the court set the fees at $21,-216.90 and taxed the fees against the appellant.

In its second point of error, appellant asserts that the trial court erred in rendering judgment taxing the ad litem's fees against it because (1) appellant was the prevailing party in the trial court and (2) the trial court failed to state good cause into the record why such fees were not taxed against the losing party, as required by Texas Rule of Civil Procedure 141.

Texas Rule of Civil Procedure 131 provides, "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Rule 141 sets forth one exception to rule 131 as follows: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."

1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

This Court as well as other courts have interpreted rule 141 to require the trial court to state on the record explicit reasons for disregarding the equitable rationale of rule 131. *State v. B & L Landfill, Inc.,* 758 S.W.2d 297, 300 (Tex.App.—Houston [1st Dist.] 1988, no writ); *see also Marichal v. Marichal,* 832 S.W.2d 797, 798 (Tex.App.—Houston [14th Dist.] 1992, no writ) (court required to state good cause on record or in judgment); *Dover Elevator Co. v. Servellon,* 812 S.W.2d 366, 367 (Tex.App.—Dallas 1991, writ denied). In *B & L Landfill,* the facts were similar to the facts in this case, and we remanded that case to the trial court with instruction to comply with rule 141. We see no reason to deviate from that ruling under the facts of this case.

Appellant's second point of error is sustained.

Because of our ruling on appellant's second point of error, we find it unnecessary to address appellant's other points of error. However, we note that the trial court's authority to appoint an ad litem in this case is Texas Rule of Civil Procedure 173. Rule 173 gives the trial court the authority to appoint a guardian ad litem. Because the trial court's original appointment order and judgment misdesignated the ad litem as "Attorney Ad Litem" instead of his proper designation of "Guardian Ad Litem," and because the ad litem referred to himself as an "Attorney Ad Litem" throughout the trial and in his briefs to this Court, we respectfully suggest to the trial court that a review of the ad litem's statement of work performed would not be out of order. The minor and his mother were represented by an attorney; therefore, any work performed by Daniell as an "Attorney Ad Litem" under the facts of this case would have been duplicative and unauthorized by rule 173, and as a result, noncompensable.

Appellee's request for damages for delay under former Texas Rule of Appellate Procedure 45 is denied. The portion of the trial court's judgment pertaining to ad litem's fees is reversed and that portion of the case is remanded to the trial court to (1) comply with rules 131 and 141 by stating into the record good cause why the court assessed the ad litem's fees against the appellant, the prevailing party in the principal suit, and (2) take such action as it may deem proper to insure that proper guardian ad litem's fees are awarded.

O'CONNOR, J., concurs.

O'CONNOR, Justice, concurring.

The attorney in this case played a dual role. First, he was appointed as the guardian ad litem under TEX.R.CIV.P. 173.[1] Then, the guardian ad litem assumed the role of co-counsel to the mother's lawyer. The guardian ad litem participated in discovery, conducted part of voir dire, and questioned witnesses during trial. Defense counsel repeatedly objected to the ad litem's participation in the trial, claiming he should be limited to his role of representing the minor during conflicts with the minor's mother. The defendant's objections were overruled.

After the jury returned a verdict adverse to the plaintiffs, the guardian ad litem asked for attorney ad litem fees from the defendant under TEX.R.CIV.P. 173.

Regarding attorney fees, I agree that the guardian ad litem is not entitled to any attorney fees from the defendant. There is no authority under case law, the Probate Code, or the Family Code for the court to appoint an attorney for the minor to assist as co-counsel and charge attorney fees against the successful party.

Regarding guardian ad litem fees, I would hold, based on the record from the trial

---

1. The attorney was appointed as *guardian* ad litem under TEX.R.CIV.P. 173, although he was called an *attorney* ad litem.

   By comparison to a guardian ad litem, an attorney ad litem is defined as "an attorney who is appointed by a court to represent and advocate on behalf of a proposed ward, an incapacitated person, or an unborn person in a guardianship proceeding." Probate Code § 601(1); *see also* Probate Code § 646 (appointment of attorney ad litem in guardianship proceeding). Once the court appoints a guardian, there is no longer a "proposed ward," but a "ward," implying that the relationship as attorney ad litem should end once the "proposed ward" has become a "ward." *Id.* § 601(27); *Coleson v. Bethan,* 931 S.W.2d 706, 711 (Tex.App.—Fort Worth 1996, no writ).

court, if the court finds good cause to assess fees against the defendant, the guardian ad litem's fees must be limited to the work he performed resolving conflicts between the mother and minor, approximately 10 hours.