**Lainie and Casey WILLIAMSON, Individually and as Next Friends of Courtnie Williamson, Appellants,**

v.

**Karen ROBERTS, M.D. and Mark Miller, M.D., Appellees.**

No. 06–00–00014–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 2, 2001.

Decided July 3, 2001.

Rex A. Nichols, Jr., Nichols & Nichols, PC, Longview, Karen Bishop, Bishop & Bishop, PC, Guardian Ad Litem, Gilmer, for appellant.

Robert L. Galloway, Thompson Knight Brown Parker & Leahy, LLP, Mary-Olga Ferguson, Thompson Knight Brown Parker & Leahy, LLP, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

This case is a companion case to 06–00–00070–CV, *Roberts v. Williamson*, 52 S.W.3d 343 (Tex.App.—Texarkana 2001). In this appeal, Lainie and Casey Williamson, Individually and as Next Friends of Courtnie Williamson (Williamsons) contend that because they were the successful party at trial, the court erred by requiring them to pay one half of Courtnie's guardian ad litem fees.[1] However, Dr. Karen Roberts argues that although the Williamsons were successful against her, they failed in their case against Dr. Mark Miller and the trial court's division of costs was, therefore, proper.

 "When a minor ... is a party to a suit ... the court shall appoint a guardian ad litem for such person and shall allow him a reasonable fee for his services to be taxed as a part of the costs." TEX.R.CIV.P. 173. "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX.R.CIV.P. 131. If a court awards costs in a manner inconsistent with Rule 131, it must state good cause for doing so on the record. TEX.R.CIV.P. 141. The trial court's allocation of costs is reviewed under an abuse of discretion standard. *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex.1985).

---

1. The record on appeal does not reflect the statute the trial court relied on in appointing Courtnie's ad litem. Although both parties refer to the ad litem as an *attorney* ad litem, the most likely source of the ad litem's authority is found in Texas Rule of Civil Procedure 141, which provides that, "When a minor ... is a party to a suit ... the court shall appoint a *guardian* ad litem for such person and shall allow him a reasonable fee for his services to be taxed as a part of the costs." TEX.R.CIV.P. 173 (emphasis added). Additionally, a court may appoint a *guardian* ad litem in certain cases governed by the Texas Family Code. TEX.FAM.CODE ANN. § 107.001 (Vernon Supp. 2001). On the other hand, an *attorney* ad litem is one who is appointed under TEX. FAM.CODE ANN. §§ 107.011, 107.012 (Vernon 1996) or § 107.013 (Vernon Supp. 2001), or under TEX.PROB.CODE ANN. § 601(1) or § 646 (Vernon Supp. 2001). Neither of these codes is applicable in this negligence case, so we will evaluate the situation at hand under the case law addressing guardians ad litem.

The ad litem in this case was a licensed Texas attorney, and this may have been the source of the term "attorney" in reference to her role in the suit. Texas courts and litigants tend to interchange the terms *guardian* ad litem and *attorney* ad litem. Justice Michol O'Connor specifically pointed out this confusion in *Marshall Investigation & Sec. Agency v. Whitaker*, 962 S.W.2d 62, 63 n. 1 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (O'Connor, J., concurring).

To determine whether the trial court awarded fees in a manner inconsistent with Rule 131, we must determine whether a party that prevailed on one claim and has taken nothing on another claim in the same suit is a successful party. A successful party is "one who obtains a judgment of a competent court vindicating a claim of right." *Siepert v. Brewer*, 433 S.W.2d 773, 775 (Tex.Civ.App.—Texarkana 1968, writ ref'd n.r.e.). A plaintiff who prevails on one claim but not others in the same suit is a successful party. *See Veltmann v. Slator*, 219 S.W. 530, 532 (Tex. Civ.App.—San Antonio 1920, no writ) (plaintiff who did not recover on every count is a "successful party" since plaintiff recovered on at least one count); *Hasty, Inc. v. Inwood Buckhorn Joint Venture*, 908 S.W.2d 494, 503 (Tex.App.—Dallas 1995, writ denied) (plaintiff that prevailed on only one out of three claims against the defendant was a successful party). Considering these cases and this court's definition of successful party in *Siepert*, the Williamsons were a successful party as contemplated by Rule 131 even though they did not prevail on every single claim they asserted.

Because the Williamsons were a successful party, the trial court was required by Rule 141 to state good cause on the record for assessing costs against them. Good cause is an elusive concept, and appellate courts must scrutinize the record to determine whether the trial court abused its discretion in charging fees to a successful party for good cause. *Rogers*, 686 S.W.2d at 601. A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

When announcing the decision to split the ad litem fees between the Williamsons and Dr. Roberts, the trial court stated

I think that an attorney ad litem is there for the benefit of all the parties that are there. I would like to, for this to be assessed as court costs, and I would like for it to be split between the Plaintiffs and between the Defendant in that particular regard. And I think, that way, it would be—it would be a little bit more fair to all the parties that are concerned. And I don't think simply because there was a verdict returned against an individual, that that means you pay it all. Certainly, there was a benefit gained, and we're not looking at a situation where attorney's fees are applicable for the winner and/or the loser, but we're looking at a situation where the Court feels that it would be in the best interest of the child for this individual to be appointed. And, therefore, as a result of that, it should be assessed as a court cost, and to be borne one half by Defendant in this case, and one half by the— well, I'll use the word Plaintiffs at this particular time.

However, the ad litem's purpose is to protect the interests of the minor in the litigation. *See Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 493 n. 2 (Tex.1995); *Dawson v. Garcia*, 666 S.W.2d 254, 265 (Tex.App.—Dallas 1984, no writ). To split the payment of the costs between the parties that benefitted from the ad litem's actions would be contrary to the Rule requiring that the successful party be awarded costs, which ad litem fees are. Tex.R.Civ.P. 131, 173. The reason stated by the trial court for splitting the ad litem fee was contrary to Rule 141 and, as such, constituted an abuse of discretion. Therefore, the trial court erred by requiring the Williamsons to pay one half of the ad litem's fees.

Accordingly, the judgment of the trial court, with respect to ad litem fees only, is reversed and rendered to assess all costs in favor of the Williamsons and against Dr. Roberts.