CITY OF HOUSTON, Appellant

v.

Mary WOODS, Individually and as next Friend of Darrell Woods, Appellees.

No. 14-03-00525-CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 22, 2004.

Andrea Chan, Jaqueline I. Leguizamon, Houston, for appellant.

David H. Melasky, Melvin R. Nowlin, Houston, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

### J. HARVEY HUDSON, Justice.

The City of Houston appeals from the trial court's award of guardian and attorney ad litem fees to David H. Melasky incurred in his representation of a minor plaintiff's personal injury claims against the City. We affirm, in part, and reverse and remand, in part.

### I. BACKGROUND

On October 14, 1996, Mary Woods, individually and as next friend of her minor children, Edward Woods, Thelma Woods, Darrell Woods, and LaShondra Woods, filed a lawsuit against the City for personal injuries sustained in an automobile accident with a vehicle owned by the City and operated by Eddie Newsome. Newsome backed the City vehicle into the vehicle Mary was driving. Mary did not own the vehicle she was driving; instead, it was owned by Winston Griffin. Also, Mary did not have a valid driver's license at the time of the accident.

Melvin R. Nowlin was the attorney for Mary and the minor plaintiffs. On September 26, 1997, the trial court appointed David H. Melasky as guardian ad litem for Edward, Thelma, Darrell, and LaShondra. On April 14, 1998, the parties mediated the claims and reached a settlement on the claims of Mary, LaShondra, Thelma, and Edward; however, no judgment was entered at that time. No settlement was reached on Darrell's claims; instead, the parties agreed to a 60-day joint continuance to allow for an independent medical exam of Darrell.

On January 20, 1999, the City moved to remove the guardian ad litem because Mary's claims had been settled and she was no longer a party to the case. Darrell's claims went to trial and, on May 19, 1999, the jury found the City was not liable. When the City moved for entry of judgment, Melasky, the guardian ad litem, responded that (1) the proposed judgment could be construed as a final judgment to the other minor plaintiffs because Darrell's case had not been severed; and (2) the judgment appeared to assess guardian ad litem fees against Darrell, invading the province of the trial court to determine which party should bear that expense. Melasky also informed the trial court he would be filing a motion for new trial.

On June 4, 1999, the trial court entered a take-nothing judgment on Mary's claims against the City. On June 10, 1999, Melasky filed a motion for new trial in which he argued the evidence established that Eddie Newsome was negligent in backing the City-owned vehicle into the vehicle Mary was driving. Melasky also stated in the motion that a juror informed him that the

fact that Mary did not have a driver's license at the time of the accident and Mary's testimony that she was not familiar with the vehicle, thereby impairing her ability to respond to the truck backing into her, were factors in the jury's finding of no liability on the part of the City. Melasky asked the trial court to enter orders that would make it possible for actions to be brought on behalf of Darrell against Mary, the owner of the vehicle she was driving, Eddie Newsome, and the City.

On June 29, 1999, the trial court granted the motion for new trial and vacated the June 4, 1999 take nothing judgment on Mary's claims against the City. The trial court also appointed Melasky as attorney ad litem for Darrell because of the "inherent conflict" between Mary and Darrell. The City opposed the appointment of an attorney ad litem.

On March 24, 2000, Melasky moved to dismiss Darrell's case without prejudice. Darrell was examined by Dr. Edward Rashti, M.D., who concluded that Darrell's back injury "cannot be said to still be present," but that rapid growth could mask an underlying chronic back problem and any injury would not appear until Darrell's growth period ended. Dr. Rashti stated that Darrell's condition should be reevaluated after he reaches age 18 to determine if any significant injury persists. Melasky argued that the current suit would likely result in Darrell having no remedy should an injury associated with the October 1994 accident reappear after his growth period diminished; therefore, nonsuiting would preserve Darrell's right to refile if the injury should reappear. On March 27, 2000, the trial court ordered Darrell's claims severed and dismissed Darrell's suit without prejudice.

On March 31, 2000, Melasky filed a motion for costs or, in the alternative, motion to reinstate for the limited purpose of the assessment of costs, in which he sought compensation for his services as both guardian ad litem and attorney ad litem.

On May 3, 2000, the trial court approved a settlement agreement and entered judgment on claims asserted on behalf of the other minor plaintiffs—Thelma, LaShonda, and Edward. The trial court also awarded Melasky guardian ad litem fees in the amount of $3,500. On June 1, 2000, the trial court reinstated Darrell's case for the purpose of assessing costs and fees for the attorney ad litem and guardian ad litem.

On February 1, 2003, the trial court awarded Melasky costs and fees in the amount of $13,614.15 for his services rendered as attorney ad litem on behalf of Darrell, plus an additional $4,500 if an appeal regarding the fees and costs was filed in the court of appeals, an additional $4,500 if writ of error was filed, an additional $3,000 if application for writ of error was granted, and an additional $6,000 if any additional appeals were taken. The order specifically stated the amounts awarded did not include any amounts previously awarded for services rendered as guardian ad litem for the other minor plaintiffs. A hearing for the assessment of costs was set for March 3, 2003.

On April 3, 2003, the trial court entered a modified order on fees, ordering that fees and costs awarded to Melasky for services rendered as both guardian ad litem and attorney ad litem on behalf of Darrell in the February 1, 2003 order be assessed two-thirds against the City, and one-third against Winston Griffin, the owner of the vehicle Mary was driving. The trial court found "good cause exists for this assessment in that David Melasky in both his capacity as Guardian [A]d Litem and Attorney Ad Litem has acted in the best interest of Darrell Woods and was necessary to protect the interests of the minor. The Court finds that the City of Houston

has the financial ability to pay said costs and fees."

## II. ANALYSIS

On appeal, the City complains the trial court abused its discretion in awarding guardian ad litem fees for work performed in the role as plaintiff's attorney, the trial court abused its discretion in refusing to remove the guardian ad litem after the conflict between the next friend and the minor ended, the trial court abused its discretion in assessing the guardian ad litem fees as costs against the City because it was the successful party, and the trial court abused its discretion in appointing an attorney ad litem and assessing attorney fees as costs against the City.

### A. Guardian Ad Litem

The City contends the guardian ad litem exceeded his authority and performed many functions that were the duties of the plaintiffs' attorney, i.e., he filed numerous motions for continuance, separately designated expert witnesses for the minor without authority, supplemented the plaintiff's petition, and moved for a new trial. The City argues, therefore, that the trial court abused its discretion by awarding attorney fees for the work performed by the guardian ad litem in the role of a plaintiff's attorney.

■ Rule 173 of the Texas Rules of Civil Procedure provides for the appointment of a guardian ad litem when a minor (among others) is a party to a suit, and is represented by a next friend or a guardian who appears to the court to have an interest adverse to the minor. TEX.R. CIV. PROC. 173. The trial court can only appoint a guardian ad litem where there is a conflict of interest between the minor and the next friend. *Brownsville–Valley Reg'l Med. Ctr., Inc. v. Gamez*, 894 S.W.2d 753, 755 (Tex.1995); *Estate of Catlin v. General Motors Corp.*, 936 S.W.2d 447, 452 (Tex. App.-Houston [14th Dist.] 1996, no writ). The determination of the existence of a conflict of interest requires the exercise of judicial discretion. *Borden, Inc. v. Martinez*, 19 S.W.3d 469, 472 (Tex.App.-San Antonio 2000, no pet.).

■ Once appointed, the guardian ad litem displaces the next friend and becomes the personal representative of the minor. *Byrd v. Woodruff*, 891 S.W.2d 689, 705 (Tex.App.-Dallas 1994, writ dism'd by agr.). A guardian ad litem is not an attorney for the child, but an officer appointed by the court to assist in properly protecting the child's interests. *Jocson v. Crabb*, 133 S.W.3d 268, 271 (Tex.2004); *American Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 493 n. 2 (Tex.1995). The guardian ad litem is required to participate in the case to the extent necessary to protect the minor. *Jocson*, 133 S.W.3d at 271; *Vandewater*, 907 S.W.2d at 493 n. 2. The guardian ad litem has considerable latitude in determining what depositions, hearings, conferences, or other activities are necessary to that effort. *Byrd*, 891 S.W.2d at 706; *Roark v. Mother Frances Hosp.*, 862 S.W.2d 643, 647 (Tex.App.-Tyler 1993, writ denied). The guardian ad litem participates in such proceedings as the personal representative of the minor, not as an attorney for the minor. *Byrd*, 891 S.W.2d at 706. Thus, the guardian ad litem is not entitled to compensation for assuming the duties of plaintiff's attorney. *Marshall Investigation & Sec. Agency v. Whitaker*, 962 S.W.2d 62, 63 (Tex.App.-Houston [1st Dist.] 1997, no pet.); *Roark*, 862 S.W.2d at 647. The trial court is in a better position than an appellate court to determine where the role of an ad litem ends and that of plaintiff's counsel begins. *Roark*, 862 S.W.2d at 647.

■ Melasky asserts the actions of the guardian ad litem were consistent with those of a guardian ad litem. *See Byrd*, 891 S.W.2d at 706. Melasky states that initially he only observed the jury trial and participated in a limited role only to the extent necessary to protect the minor's interest. Melasky argues evidence of his role as guardian ad litem was presented to the trial court during an evidentiary hearing on his fees. However, no reporter's record is before this court. Melasky states in his appellate brief that the trial court held evidentiary hearings on the ad litem fees on April 17, 2002, March 3, 2003, and March 31, 2003. The City does not dispute this.

■ The appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear the trial court's decision was arbitrary and unreasonable. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987). The party complaining of an abuse of discretion bears the burden of bringing forth the record showing such abuse; in the absence of the record, the reviewing court must assume the evidence before the trial court was adequate to support the decision. *Id.; Fiesta Mart, Inc. v. Hall*, 886 S.W.2d 440, 442–43 (Tex.App.-Houston [1st Dist.] 1994, no writ).

The work performed by Melasky as guardian ad litem of which the City complains includes filing a number of motions for continuance, separately designating expert witnesses, moving for a new trial, and supplementing the plaintiff's petition. With the exception of supplementing Darrell's petition, all other work of which the City complains was performed by Melasky prior to his appointment as attorney ad litem.

■ The award of guardian ad litem fees is in the sound discretion of the trial court, and will not be set aside unless there is evidence that the trial court abused its discretion. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999); *Gamez*, 894 S.W.2d at 756. The trial court abuses its discretion if there is insufficient evidence to support the allowance. *Tex–Pack Express, L.P. v. Martin*, 80 S.W.3d 666, 668 (Tex.App.-Tyler 2002, no pet.); *Borden, Inc.*, 19 S.W.3d at 471; *Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 738 (Tex.App.-Texarkana 1996, no writ). In the absence of a record on the guardian ad litem fee hearings, we do not know what evidence was presented supporting the guardian ad litem's fee for work performed prior to the appointment of the attorney ad litem and, therefore, we will presume the evidence is sufficient to support such award.

## B. Conflict

■ The City also argues the trial court abused its discretion by refusing to remove the guardian ad litem after the conflict between Mary and Darrell had ended and by awarding guardian ad litem fees after Mary settled her claim with the City. The City contends that once Mary's claims had been settled, she no longer had a conflict of interest with Darrell. Once the conflict between the next friend and minor ends, the trial court should remove the guardian ad litem. *Gamez*, 894 S.W.2d at 755; *Catlin*, 936 S.W.2d at 452.

The clerk's record reflects that while Mary and the City had mediated her claims and reached a settlement agreement on April 14, 1998, no judgment on her claim was entered until June 4, 1999; therefore, Mary was still a party to the suit until that time. Moreover, Melasky had already informed the trial court on May 19, 1999, that he believed Darrell should be allowed to pursue a negligence claim against Mary for injuries sustained in the accident and would accordingly, file

a motion for new trial. The trial court granted the motion for new trial filed on behalf of Darrell and vacated the take nothing judgment entered on Mary's claims against the City. We find that the conflict between Mary, as next friend, and Darrell had not ended. Therefore, the trial court did not abuse its discretion in not removing the guardian ad litem after Mary had mediated and settled her claims with the City.

### C. Successful Party

The City also asserts that because it was the "successful party" in this matter, it should not have been assessed the guardian ad litem fees in the absence of good cause. The City argues that although the trial court granted a new trial, it, nonetheless, is the "successful party" because it has never been found liable for Darrell's injuries because his claims were non-suited.

■ A guardian ad litem is entitled to a reasonable fee for his services to be taxed as part of the costs. *Garcia*, 988 S.W.2d at 222; *Dover Elevator Co. v. Servellon*, 876 S.W.2d 166, 169 (Tex.App.-Dallas 1993, no writ); *Tex–Pack Express, L.P.*, 80 S.W.3d at 667–68; Tex.R. Civ. P. 173. Rule 131 of the Texas Rules of Civil Procedure provides for the assessment of costs to the non-successful party. *See* Tex.R. Civ. P. 131 (providing that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided"). A "successful party" is defined as "one who obtains judgment of a competent court vindicating a civil right or claim." *Operation Rescue–Nat'l v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 937 S.W.2d 60, 86 (Tex.App.-Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546 (Tex. 1998). The trial court may not assess costs other than provided by Rule 131

unless good cause is shown. *Operation Rescue–Nat'l*, 937 S.W.2d at 87; *Dover Elevator Co.*, 876 S.W.2d at 169; Tex.R. Civ. P. 141 (providing that "[t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules").

■ Here, no judgment "vindicating a civil right or claim" was entered. Instead, all of Darrell's claims were nonsuited. Rule 162 of the Texas Rules of Civil Procedure, providing for nonsuits, states "[a]ny dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party *unless otherwise ordered by the court.*" Tex.R. Civ. P. 162 (emphasis added). When a plaintiff abandons an action by obtaining a nonsuit, that plaintiff is liable for all costs. *Leon Springs Gas Co. v. Restaurant Equip. Leasing Co.*, 961 S.W.2d 574, 580 (Tex.App.-San Antonio 1997, no pet.); *Wolters v. White*, 659 S.W.2d 885, 887 (Tex.App.-San Antonio 1983, writ dism'd); *City of Houston v. Blackbird*, 658 S.W.2d 269, 273 (Tex.App.-Houston [1st Dist.] 1983, writ dism'd); *Anglo Exploration Corp. v. Grayshon*, 562 S.W.2d 567, 568 (Tex.Civ.App.-Houston [14th Dist.] 1978, writ ref'd n.r.e.). Thus, when a plaintiff dismisses his claims against the defendant, "the defendant is the successful party and should recover its costs under [Rule 131]." *Reed v. State*, 78 S.W.2d 254, 256 (Tex.Civ.App.-Austin 1934, writ denied); *Bruce v. Knodell*, 103 S.W. 433, 435 (Tex.Civ.App.1907, no writ).

■ Here, the City was the successful party. However, the trial court may for good cause stated on the record otherwise tax costs. *Reed*, 78 S.W.2d at 256. Therefore, even if the City is considered a successful party, the trial court may award costs against it for good cause.

In its order, the trial court based its good cause finding on the City's financial ability to pay costs and fees.[1] However, without the record of the evidentiary hearing, we must presume the evidence supports a finding of good cause. *See Simon,* 739 S.W.2d at 795.

## D. Attorney Ad Litem

■ The City also complains the trial court abused its discretion in (1) appointing an attorney ad litem and assessing the attorney ad litem's fees as costs against the City; and (2) appointing the guardian ad litem as attorney ad litem and assessing fees against the City for work performed as attorney ad litem. We agree.

■ Guardian ad litems and attorney ad litems serve different roles in the representation of minors. *duPont v. Southern Nat'l Bank,* 771 F.2d 874, 882 (5th Cir.1985). A guardian ad litem is not an attorney for the child, but an officer appointed by the court to assist in properly protecting the child's interests. *Jocson,* 133 S.W.3d at 271; *Vandewater,* 907 S.W.2d at 493 n. 2. An attorney ad litem, on the other hand, performs the same services as any other attorney—giving advice, doing research, and conducting litigation. *duPont,* 771 F.2d at 882.

Often times courts and parties use the terms guardian ad litem and attorney ad litem interchangeably despite their differences. *Williamson v. Roberts,* 52 S.W.3d 354, 355 n. 1 (Tex.App.-Texarkana 2001), *aff'd,* 111 S.W.3d 113 (Tex.2003). The improper designation of a guardian ad litem as an attorney ad litem is not fatal. *Celanese Chem. Co. v. Burleson,* 821 S.W.2d 257, 260 (Tex.App.-Houston [1st Dist.] 1991, no writ); *Phillips Petroleum Co.v. Welch,* 702 S.W.2d 672, 674 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.). That situation, however, is not applicable to these facts given that the guardian ad litem specifically moved for the appointment of an attorney ad litem and the trial court specifically awarded fees for services rendered as both guardian ad litem and attorney ad litem.

■ A guardian ad litem is entitled to a reasonable fee for his services to be taxed as costs. TEX.R. CIV. P. 173. Upon a finding of good cause, such fee can be assessed against the other party, even if that party was the "successful party." TEX.R. CIV. P. 141. However, there is no provision to tax attorney fees as costs to the opposing party. *See Marshall Investigation & Sec. Agency,* 962 S.W.2d at 63 (O'Connor, J. concurring) (explaining there is no authority under case law, Probate Code, or Family Code to appoint attorney for minor to assist as co-counsel and to charge attorney fees against successful party); *Roark,* 862 S.W.2d at 647 (stating guardian ad litems are not entitled to compensation for assuming duties of plaintiff's attorneys). Indeed, attorney fees may not be recovered unless provided for by statute or by contract between the parties. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992). More specifically, no statute provides for the recovery of attorney fees in a negligence action. *Gulf States Utils. Co. v. Low,* 79

---

1. It has been previously held that the unsuccessful minor's inability to pay guardian ad litem fees is sufficient to support awarding such fees against the successful party, particularly when considered with other factors such as (1) the importance of the minor having competent representation; (2) the defendants' deriving a benefit from the guardian ad litem because of the desire to have a judgment not overturned for failure to appoint a guardian ad litem, and (3) no demonstration in the record that the minor's claim was frivolous. *Davis v. Henley,* 471 S.W.2d 883, 885 (Tex. Civ.App.-Houston [1st Dist.] 1971, writ ref'd n.r.e.).

S.W.3d 561, 568 (Tex.2002). Instead, attorneys in personal injury cases are compensated out of the funds recovered by the plaintiff on a contingency basis. *Catlin,* 936 S.W.2d at 452. We find the trial court abused its discretion in awarding attorneys fees assessed as costs against the City.

### III. CONCLUSION

Finding that the trial court abused its discretion in awarding attorney fees to the attorney ad litem as costs against the City, we reverse and remand that portion of the judgment awarding Melasky attorney ad litem fees and order the trial court to reform its judgment by excluding any sums awarded as attorney fees. We affirm that portion of the judgment awarding guardian ad litem fees for work performed prior to the appointment of David Melasky as attorney ad litem. The judgment of the trial court is affirmed, in part, and reversed and remanded, in part.