NUMBER 13-04-640-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

FORD MOTOR COMPANY, ET AL.,                                             Appellants,

 

                                                             v.                                

 

NUECES COUNTY, TEXAS,                                                  Appellee.

 

                   On
appeal from the County Court at Law No. 2

                                      of
Nueces County, Texas.

 

                               MEMORANDUM
OPINION

 

           Before
Chief Justice Valdez and Justices Castillo and Garza 

                            Memorandum
Opinion by Justice Garza

 








Appellants, Ford Motor Company, Charlie Thomas= Courtesy Ford, Inc. f/k/a Courtesy Ford Motors,
Inc., Charlie Thomas= Courtesy Ford, Inc. d/b/a Padre-Ford-Mazda,
Tradewinds Ford Sales, Inc. f/k/a Crosstown Ford Sales, Inc., and Bob Lacy
Ford, Inc. (collectively AFord@), appeal the trial court=s denial of their motion to adjudicate costs.  We affirm.  


On July 2, 2002, Nueces County filed suit in district
court against Ford, seeking injunctive and declarative relief for alleged
violations of the Texas Deceptive Trade Practices Act and breach of warranties
related to the sale of several Ford Crown Victoria Police Interceptors
purchased by Nueces County.  Ford removed
the case to a federal court on July 9, 2002. 
The case was subsequently transferred to the Northern District of Ohio
for pre-trial proceedings.  On May 19,
2004, a federal court judge remanded the case to state court for lack of
subject matter jurisdiction.  The case
was returned to district court on June 3, 2004. 
On November 3, 2004, Nueces County non-suited all of its claims.  The district court entered a dismissal order
on November 4, 2004.  Subsequently, Ford
sought to recover costs pursuant to Texas Rule of Civil Procedure 162.  Tex. R.
Civ. P. 162.  Following a hearing,
the court denied Ford=s motion and entered an order that the parties bear
their own costs. 








By one issue, Ford contends the trial court abused
its discretion in denying its motion, which sought reimbursement of deposition
costs in the amount of $10,270.70.  See
id.   Rule 162 states that if a party
takes a non‑suit, the court clerk is authorized to tax costs against that
party, unless otherwise ordered by the court.  City of Houston v. Woods, 138
S.W.3d 574, 581 (Tex. App.BHouston [14th Dist.] 2004, no pet.).  As the Fourteenth Court of Appeals recently
explained, AWhen a plaintiff abandons an action by obtaining a
non-suit, that plaintiff is liable for all costs.@  Id. (citing Leon Springs Gas Co. v.
Rest. Equip. Leasing Co., 961 S.W.2d 574, 580 (Tex. App.BSan Antonio 1997, no pet.)).  The Fourteenth Court further noted that, if a
plaintiff dismisses his claims against the defendant, Athe defendant is the successful party and should
[also be allowed to] recover its costs under [rule 131].@  Id.
(citing Tex. R. Civ. P. 131).   

Rules 131 and 162 are qualified by rule 141, which
provides that Athe court may, for good cause, to be stated on the
record, adjudge the costs otherwise than as provided by law or these rules.@  See Tex. R. Civ. P. 141.  Rule 141 has two requirements:  (1) that there be good cause, and (2) that
the good cause be stated on the record.  Id.;
Furr's Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 376 (Tex.
2001).  AGood cause@ is an elusive concept that varies from case to
case.  Furr=s Supermarkets, Inc., 53 S.W.3d at 376. 
Typically, Agood cause@ means that the prevailing party unnecessarily
prolonged the proceedings, unreasonably increased costs, or otherwise did
something for which it should be penalized.  Id. 


We review a trial court=s determination of good cause and assessment of
court costs for abuse of discretion.  See
State v. Castle Hills Forest, Inc., 842 S.W.2d 370, 372 (Tex. App.BSan Antonio 1992, writ denied).  An abuse of discretion occurs if the trial
court acts arbitrarily, unreasonably, or without reference to guiding rules or
principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  The mere fact that a trial judge may decide a
matter within his discretion in a different manner than an appellate judge in a
similar circumstance does not demonstrate that an abuse of discretion has
occurred.  Id. at 242.  In reviewing rulings under rule 141, we
evaluate the record to determine whether it supports the trial court=s decision.  Rogers
v. Walmart Stores, Inc., 686 S.W.2d 599, 601 (Tex. 1985); Gleason v.
Lawson, 850 S.W.2d 714, 717 (Tex. App.BCorpus Christi 1993, no writ).    








            In the present case, the court stated
the following reasons as good cause for each party to bear its own
expenses:  (1) Ford improperly removed
the case to federal court; (2) Ford took discovery pursuant to orders issued by
a court without subject matter jurisdiction, brought about by its own improper
removal of the case to federal court; (3) Ford=s
conduct in the case wrongfully and substantially delayed the proceedings; (4)
Ford=s wrongful removal of the case substantially
increased Nueces County=s costs; (5) Ford=s
wrongful removal caused Nueces County to expend considerable time and effort to
obtain remand to a court that had jurisdiction over the litigation; and (6)
Nueces County obtained some of the relief it sought by Ford=s action after the lawsuit was filed. 

From the foregoing, it is apparent that the trial
court=s decision was heavily influenced by its conclusion
that Ford=s trial tactics unnecessarily prolonged the
litigation and increased the costs incurred by both sides.  The record shows that the following
considerations also support the trial court=s
decision that Agood cause@ existed for making Ford bear its own costs: 

1.                 
Nueces County filed suit against Ford on July 2, 2002,
seeking injunctive and declaratory relief.[1]

2.                 
A hearing on Nueces County=s
application for temporary injunction was scheduled for July 22, 2002.

3.                 
On July 9, 2002, Ford removed the suit to federal
court. 

4.                 
On July 11, 2002, Ford filed a motion for transfer and
consolidation of the cases for pretrial procedures.








5.                 
On July 11, 2002, Nueces County filed a motion to
remand and a motion for expedited hearing on its motion to remand.

6.                 
On July 15, 2002, Ford filed a motion to stay the
proceedings in federal court and a memorandum in opposition to Nueces County=s motion for expedited hearing.

7.                 
On August 8, 2002, Nueces County filed a motion to set
hearing on its motion to remand.

8.                 
On August 29, 2002, Ford filed a motion in opposition
to Nueces County=s motion
to set hearing on the motion to remand.  

9.                 
On August 30, 2002, Nueces County filed a notification
of setting by the Multidistrict Litigation Panel (AMDL@) and a request for ruling on its
motion for remand.  

10.             
On October 8, 2002, the MDL Panel transferred the
proceeding to the Northern District of Ohio and assigned the case to the
Honorable Donald C. Nugent for coordinated or consolidated pretrial
proceedings.

11.             
On February 13, 2003, Judge Nugent issued a discovery
plan and order, pursuant to which Ford took 22 depositions of Nueces County
employees.  

12.             
On May 19, 2004, Judge Nugent ruled that the federal
court did not have subject matter jurisdiction and remanded the case to state
court, stating that:

(1)
although Ford argues that the Federal Motor Vehicle Safety Act (the ASafety Act@)
completely preempts Nueces County=s
claims, the weight of authority supported the exact opposite conclusion: that
Nueces County=s claims
were not completely preempted the Safety Act; 








(2)
federal law did not create Nueces County=s
causes of action because (a) Nueces County pled only state or common law causes
of action, (b) the recall remedy requested by Nueces County is not properly
considered when determining federal-question jurisdiction, and (c) the Safety
Act does not provide citizens with a federal cause of action for a claim for
safety related defects, or with a private right to recall defective
vehicles;   

(3)
Nueces County=s right
to relief under a state-law cause of action does not depend on the resolution
of substantial questions of federal law; 

(4)
on the face of Nueces County=s
complaints, the existence of in-state car dealers involved in the suit destroys
complete diversity; 

(5)
the in-state car dealers were not fraudulently joined because Nueces County
sought relief based on statutory state laws and, as such, had colorable
warranty claims against the in-state dealers; and  

            (6)
Nueces County sufficiently pleaded causes of action for breach of implied
warranty of fitness for a particular purpose to give rise to colorable warranty
claims against the in-state dealers.  As
such, the in-state car dealers were not fraudulently joined and complete
diversity between Nueces County and Ford was lacking. 

13.             
On November 3, 2004, Nueces County filed a notice of
non-suit, effectively dropping all claims against Ford. 

14.             
On November 4, 2004, the court dismissed the suit
without prejudice.  








Given
these considerations, we believe that the record supports the trial court=s conclusion that Ford=s tactics substantially prolonged the
litigation and unnecessarily increased the costs incurred by both sides.  See Rogers, 686 S.W.2d at 601 (taxing
costs against prevailing party whose trial tactics unnecessarily prolonged
litigation); see also Lofton v. Norman, 508 S.W.2d 915, 922B23 (Tex. Civ. App.BCorpus Christi 1974, writ ref=d n.r.e.) (stating that the
determination of a trial judge that a particular trial strategy substantially
delayed proceedings or caused an unnecessary increase in costs should not be
disturbed on appeal absent an abuse of discretion).  We conclude that the trial court=s ruling was within its
discretion.  Accordingly, the judgment is
affirmed.

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 17th_day of November, 2005.











[1] The record reflects that Nueces
County filed its original petition on July 2, 2002; however, both Nueces County
and Ford state in their brief that the petition was filed on July 3, 2002.