Affirmed and Memorandum Opinion filed August 16, 2007








Affirmed and Memorandum Opinion filed August 16, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00386-CV

____________

 

DAVID MELASKY AS GUARDIAN AD LITEM, Appellant

 

V.

 

CITY OF HOUSTON, Appellee

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 1996-51958

 



 

M E M O R A N D U M   O P I N I O N

Appellant David Melasky challenges the trial court=s orders, rendered
on remand, awarding Melasky $6,900 as his guardian ad litem fee.  Melasky
contends the trial court erred in failing to award him appellate fees of $4,500
and $3,902 he claimed as unreimbursed expenses.  We affirm.

I.  Procedural Background








This case first came before the court in 2003.  The
background of the 2003 appeal is set forth in detail in City of Houston v.
Woods, 138 S.W.3d 574, 577B79 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  In the underlying lawsuit giving rise to the 2003
appeal, Mary Woods sued the City for injuries she and her four minor children
allegedly sustained in an automobile accident involving a City vehicle.  Id.
at 577.  On September 26, 1997, the trial court appointed Melasky as guardian
ad litem for the four children and, on June 29, 1999, appointed Melasky as
attorney ad litem for one of the children, Darrell.  See id. at 577,
578. 

In the 2003 appeal, the City challenged two orders awarding
Melasky ad litem fees.[1] 
In the first order, signed February 1, 2003, the trial court awarded Melasky
(1) costs and fees in the amount of $13,614.50 for his services rendered as
attorney ad litem on behalf of Darrell and (2) an additional $4,500 if an
appeal regarding the fees and costs were to be filed in the court of appeals,
an additional $4,500 if writ of error were to be filed, an additional $3,000 if
application for writ of error were to be granted, and an additional $6,000 if
any additional appeals were taken.[2] 
See id. at 578.  The court specifically stated the amounts awarded did
not include any amounts previously awarded for services rendered as guardian ad
litem for the other minor plaintiffs.  See id.

In the second order, the trial court ordered that the fees
and costs awarded to Melasky for services as both guardian ad litem and
attorney ad litem on behalf of Darrell by the February 1, 2003 order be assessed
two‑thirds against the City and one‑third against Winston Griffin,
the owner of the vehicle Mary was driving.  See id.  The trial court
found Agood cause exists
for this assessment in that David Melasky in both his capacity as Guardian ad
[sic] Litem and Attorney Ad Litem has acted in the best interest of Darrell
Woods and was necessary to protect the interests of the minor.@  Id.








In the 2003 appeal, the City framed its sole issue as
whether Athe trial court
err[ed] in awarding $13,614.50 in attorney=s fees to the
attorney ad litem for Darrel Woods.@  The City=s argument,
however, encompassed the following four complaints: (1) the trial court abused
its discretion in awarding guardian ad litem fees for work Melasky performed in
his role as plaintiff=s attorney, (2) the trial court abused its
discretion in refusing to remove the guardian ad litem after the conflict
between the next friend and the minor ended, (3) the trial court abused its
discretion in assessing the guardian ad litem fees as costs against the City
because it was the successful party, and (4) the trial court abused its
discretion in appointing an attorney ad litem and assessing attorney fees as
costs against the City.  See id. at 579.

This court rejected the City=s first three
complaints but agreed with fourth.  See id. at 579B83.  The court
then concluded:

Finding that the trial court abused its discretion
in awarding attorney fees to the attorney ad litem as costs against the City,
we reverse and remand that portion of the judgment awarding Melasky attorney ad
litem fees and order the trial court to reform its judgment by excluding any
sums awarded as attorney fees.  We affirm that portion of the judgment awarding
guardian ad litem fees for work performed prior to the appointment of David
Melasky as attorney ad litem.  The judgment of the trial court is affirmed, in
part, and reversed and remanded, in part.

 

Id. at 583.  The
judgment and mandate provided:

We have inspected the record and find the trial court erred in awarding
attorney fees to the attorney ad litem as costs against the City of Houston. 
We therefore REVERSE and REMAND that portion of the judgment
awarding attorney ad litem fees as costs against the City of Houston and order
the trial court to reform its judgment to exclude any sums awarded as attorney
fees in accordance with this court=s
opinion.

Further, we find no error in the remainder of the judgment and order it
AFFIRMED.  

 








On remand, the trial court held a hearing Aon the proper
disposition of the fees and expenses of the guardian ad litem.@  Melasky and the
City agreed Melasky was owed a total of $6,900 in guardian ad litem fees, with
the City owing $4,600 of that total.  Melasky then testified and introduced
exhibits regarding disputed hours and expenses.

The trial court awarded Melasky $6,900 as his total
guardian ad litem fee, with two-thirds taxed against the City and one-third
taxed against Griffin.  The court did not award any amount for appellate fees
or for any additional expenses.

II.  Analysis

A. 
Issues Presented and Standard of Review

In two issues, Melasky argues the trial court erred on
remand, (1) Aby failing to award the $4,500.00 awarded to the
Guardian Ad Litem by the District Court in 2003 in the event of an appeal@ and (2) Aby failing to
award compensation for costs incurred by the Guardian Ad Litem.@  Generally, the
award of guardian ad litem fees is in the sound discretion of the trial court
and will not be set aside absent evidence the trial court abused its
discretion.  Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999); Woods,
138 S.W.3d at 580; see Tex. R.
Civ. P. 173.6 (regarding guardian ad litem=s compensation). 
Nevertheless, on remand, a trial court=s authority is
limited to trying only those issues specified in the appellate court=s mandate.  Harris
County Children=s Protective Servs. v. Olvera, 77 S.W.3d 336,
340 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).

B. 
Issues

1.       Did the
Trial Court Exceed the Scope of the Mandate by not Awarding $4,500 in Appellate
Fees?

Melasky argues the trial court erred on remand when it
failed to award the $4,500 the district court awarded in 2003 if the case were
appealed to the court of appeals.  Melasky contends because the City never
challenged this award in the 2003 appeal, the award Acould not have
been reversed in the 2003 appeal and is final under the >Law of the Case= doctrine.@








Resolution of Melasky=s first issue
rests on the interpretation of this court=s mandate in the
2003 appeal.  In interpreting the mandate of an appellate court, the trial
court looks not only to the mandate itself but also to the appellate court=s opinion.  Denton
County v. Tarrant County, 139 S.W.3d 22, 23 (Tex. App.CFort Worth 2004,
pet. denied); see Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986)
(implicitly referring to trial court=s
interpretation).  When an appellant argues the trial court exceeded the scope
of its authority on remand, this court also looks not only to the mandate
itself, but also to this court=s opinion ordering the remand.  See
Olvera, 77 S.W.3d at 341; McGoodwin v. McGoodwin, 181 S.W.3d 870,
873 (Tex. App.CDallas 2006, pet. denied).

We disagree with Melasky=s argument that
our opinion and mandate in the 2003 appeal did not address the issue of
appellate attorney fees.  Our opinion discussed at length the distinction
between guardian at litem and attorney ad litem fees and stated that although a
guardian ad litem is entitled to a reasonable fee for his services to be taxed
as costs, there is no provision generally allowing attorney ad litem fees to be
taxed as costs.  See Woods, 138 S.W.3d at 582.  We held that when, as
here, no statute provides for recovery of attorney ad litem fees, the trial
court abuses its discretion in awarding attorney fees to be taxed as costs.  See
id. at 582B83.  We concluded by stating as follows:

Finding that the trial court abused its discretion
in awarding attorney fees to the attorney ad litem as costs against the City,
we reverse and remand that portion of the judgment awarding Melasky attorney ad
litem fees and order the trial court to reform its judgment by excluding any
sums awarded as attorney fees.  We affirm that portion of the judgment awarding
guardian ad litem fees for work performed prior to the appointment of David
Melasky as attorney ad litem.

 

Id. at 583.








In short, this court reversed that part of the judgment
awarding attorney ad litem fees and ordered reformation to exclude Aany sums awarded as
attorney fees@; it affirmed only that part of the judgment awarding Aguardian ad litem
fees for work performed prior to [Melasky=s appointment] as
attorney ad litem.@  Id. (emphasis added).  Thus,
pursuant to this court=s opinion, the only question on remand was
how much the trial court should award Melasky for work done solely as a
guardian ad litem after July 29, 1999Cthe date he was
appointed attorney ad litem.  The trial court correctly understood this court=s mandate in the
2003 appeal, asking, AWouldn=t you agree that
the Court of Appeals= opinion was to say that there was not to
be an award relative to any work done for [Melasky=s] appointment as
an attorney ad litem?@

Melasky argues that the City never challenged the trial
court=s award of
appellate attorney fees and thus waived any such error.  Our opinion and
mandate clearly reverse all attorney fees awarded to Melasky.  If Melasky
believed we improperly addressed an issue the City waived, he should have
raised that argument in either a motion for rehearing or on petition for review
to the Texas Supreme Court.  See Bunton v. Bentley, 153 S.W.3d 50, 53
(Tex. 2004).  The trial court acted within our mandate when it declined to
award the $4,500 in appellate attorney fees.  Accordingly, we overrule Melasky=s first issue.

2.       Did the
Trial Court Abuse its Discretion by Not Awarding an Additional $3,902?

In his second issue, Melasky faults the trial court for not
awarding him an additional $3,902 for costs he claims he incurred in his role
as guardian, rather than attorney, ad litem.  These costs were in addition to
the $6,900 he and the City agreed were owed to him for work as a guardian ad
litem, $4,600 of which the court taxed to the City.  The $3,902 comprised the
following expenses, all incurred after July 29, 1999:


 
 
  
 03/20/00
 
 
  
 Partial
 Transcript
 
 
  
 $ 159
 
 
 
 
  
 03/20/00
 
 
  
 Private
 Investigator
 
 
  
 135
 
 
 
 
  
 03/21/00
 
 
  
 Deposition of
 Dr. Wise [City=s Medical Expert]
 
 
  
 1,083
 
 
 
 
  
  
 
 
  
 Paralegal 8
 hours at  $40.00/hour
 
 
  
 320
 
 
 
 
  
 03/27/00
 
 
  
 Transportation for Darrell Woods to Dr. Rashti=s [independent medical examiner=s] office
 
 
  
 90
 
 
 
 
  
 03/27/00
 
 
  
 Bill from Dr.
 Rashti
 
 
  
 1,925
 
 
 
 
  
 03/23/00
 
 
  
 X-ray
 
 
  
        145
 
 
 
 
  
  
 
 
  
                               
 Total Expenses
 
 
  
 $3,902
 
 


 








At the hearing on remand, the City cross-examined Melasky
to establish these expenses were incurred in Melasky=s role as attorney
ad litem.  Melasky admitted the private investigator expense was to locate and
subpoena Darrell=s mother, who received a witness fee.  At
the deposition, Melasky questioned Wise, the City=s medical expert. 
When asked whether Dr. Rashti=s charges concerned preparation for
litigation, Melasky responded, AThey sort of speak for themselves.@  Dr. Rashti=s bills from March
2000 contain descriptions of Aconference, litigation,@ Areview records,@ and Atelephone callCcomplex.@  Each bill
contains a notation, Aattorney at [sic] litem for minors [sic].@  Given this
evidence, the trial court, acting within its discretion, could have found the
$3,902 reflected expenses incurred in Melasky=s role as attorney
ad litem.  The trial court acted within the scope of our mandate in the 2003
appeal when it declined to award $3,902 in additional expenses.  Accordingly,
we overrule Melasky=s  second issue.

III.  Conclusion

Having overruled Melasky=s two issues, we
affirm the trial court=s judgment.

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed August 16, 2007.

Panel consists of
Justices Yates, Edelman, and Seymore.









[1]  The City=s
notice of appeal referred only to the second order.  As discussed below,
however, the second order referred to, and modified, the first.





[2]  There is a typographical error in our opinion in the
2003 appeal.  The trial court awarded $13,614.50, not A$13,614.15.@  See
Woods, 138 S.W.3d at 578.