**Woodrow M. ROARK, Ad Litem for Ricky Rodriguez, Appellant,**

v.

**MOTHER FRANCES HOSPITAL, et al., Appellees.**

No. 12–91–00283–CV.

Court of Appeals of Texas, Tyler.

July 26, 1993.

Rehearing Denied Oct. 13, 1993.

Woodrow M. Roark, Roark & Russell, Tyler, for appellant.

Tracy Crawford, Tyler, Brian Hamilton, Dallas, for appellees.

BILL BASS, Justice.

This is an appeal by a Guardian Ad Litem of a minor child challenging the adequacy of the fee awarded him in a medical malpractice case. We will affirm the judgment.

The case was brought by Rodolpho M. Rodriguez, individually, and as a next friend of his minor son, Ricky. The suit alleged that the negligence of the hospital, doctor, and nurses proximately caused serious injuries, including brain damage, to Ricky.

The Plaintiffs and doctor reached a settlement in March, 1991. Because the parents appeared to have an interest adverse to their child, the court appointed Appellant Guardian Ad Litem for Ricky and set his fee at $5,000.00, as agreed by the parties to the settlement. The case against the remaining Defendants proceeded to trial on June 3, 1991. After three days of trial, the parties agreed upon a settlement. On June 7, the trial court heard evidence of the reasonableness of the settlement and tentatively approved it, but ordered the Guardian Ad Litem to secure a permanent guardianship for the minor. On July 8, 1991, the trial court rendered judgment in accordance with the settlement agreement. The value of the settlement was in excess of two million dollars, half of which went to the minor in a structured settlement free of attorneys' fees and expenses. The Guardian Ad Litem presented to the court a summary of the time he had spent on the case showing a total of 370.25 hours and $440.23 in expenses. The Guardian Ad Litem's final accounting showed 411.75 hours spent on the case.

The trial judge held a hearing regarding the Guardian Ad Litem's fee on July 8, 1991, in conjunction with the final approval of the settlement. The trial judge professed to be stunned by the amount of time the Ad Litem had devoted to the case. Although the judge expressed confidence that the Ad Litem had expended the time claimed, he expressed reservations about how much of it was necessary to fulfill the duties of guardian ad litem. The judge reflected that many of the Ad Litem's efforts were perhaps more appropriate to the role of local or additional Plaintiff's counsel. Only the potentially conflicting interests of the parents and the child mandated the appointment of a guardian ad litem. Therefore, in the court's expressed view, the primary purpose of the Ad Litem was to guard the minor's interest in any conflict that might arise with the parents. The judge was assured that no conflict had arisen from the apparently adverse interests of the child and his parents. When the trial court asked the Plaintiff's counsel how much time his law firm had worked on the case during the time covered by the Ad Litem's statement, he estimated "probably five or six hundred hours."

The Plaintiff's attorney acknowledged that the Guardian Ad Litem had significantly assisted the Plaintiff in preparation for trial, settlement negotiations, and in the placing of the structured settlement. He characterized the Ad Litem's role in this case as "unique." The Ad Litem's itemized statement shows that he spent a significant amount of time helping prepare the case, planning strategy, and securing equipment for trial. The Ad Litem played a leading role in the settlement negotiations immediately prior to and during the trial, leaving Plaintiff's counsel more time for trial preparation. The Ad Litem stressed that during his handling of the settlement negotiations, the Defendants' settlement offer escalated from $400,000.00 to $2,150,-000.00. Plaintiff's counsel characterized the Ad Litem as the *de facto* mediator in the case. The statement also shows that the Ad Litem devoted a great deal of time in negotiating the placement of the structured settlement. Neither the judge nor the parties questioned the accuracy of the Ad Litem's account. But from the judge's remarks dur-

ing the hearing, it is apparent he was skeptical that all of the hours shown were necessary for the protection of the child's rights. The Ad Litem did not ask for a specific figure, but told the court that a reasonable fee would be in the low six figures. The Defendants recommended a fee of $10,000.00. The judge set the Ad Litem's fee at $20,000.00.

In point of error one, the Guardian Ad Litem contends that the great weight and preponderance of the evidence proves the fee awarded him is inadequate. In points two and three, the Ad Litem contends the trial judge abused his discretion in failing to review the Ad Litem's statement of time expended on the case and in refusing to consider all of the facts relevant to the determination of a reasonable attorney's fee. In point of error six, the Ad Litem maintains the trial court erred in not reforming the judgment awarding only $20,000.00 in guardian ad litem fees.

■■■■ "The award of guardian ad litem fees is in the sound discretion of the trial court." *Simon v. York Crane and Rigging Co.,* 739 S.W.2d 793, 794 (Tex.1987). A reviewing court may not set aside the award, absent evidence illustrating a clear abuse of discretion. *Id.* The test for determining abuse of discretion by the trial court is "whether the trial court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). In determining the reasonableness of a guardian ad litem's fee, the court must recognize that the guardian ad litem is required to participate in the case to the extent necessary to adequately protect the interest of his ward. *Phillips Petroleum Co. v. Welch,* 702 S.W.2d 672, 674 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The discretion of the trial court is not unlimited. Generally, those same factors should be considered that are used to determine the reasonableness of attorney fees in other contexts. Those factors include complexity of the case, skill required, time spent, and benefit to the client. *Simon,* 739 S.W.2d at 794.

The Guardian Ad Litem contends that the trial judge not only disregarded the amount of time he had devoted to the case, but set the fee without reference to any guiding rules or principles. The Ad Litem argues that the same factors control the setting of an ad litem fee as are used to determine the reasonableness of attorney's fees in general, citing *Simon v. York Crane & Rigging Co.,* 739 S.W.2d at 794, and *Valley Coca–Cola Bottling Co. v. Molina,* 818 S.W.2d 146, 148 (Tex.App.—Corpus Christi 1991, writ denied). The *Valley Coca–Cola* opinion sets forth eight factors relevant to the reasonableness of any attorney's fee as follows:

(1) the time and labor involved;

(2) the nature and complexity of the case;

(3) the amount of money or value of the property or interest involved;

(4) the extent of the responsibilities assumed by the attorney;

(5) whether the attorney lost other employment because of the undertaking;

(6) the benefits resulting to the client from the services;

(7) the contingency or certainty of compensation; and

(8) whether employment is casual or for an established or constant client.

*Valley Coca–Cola Bottling Co.,* 818 S.W.2d at 148. The Guardian Ad Litem insists that, measured by all the applicable considerations, his fee is grossly inadequate. He spent 411 hours on the case—the majority of his time between his appointment and the settlement. The case was large and complex. The settlement was in excess of two million dollars. It seems acknowledged by all that he performed valuable service in the matter of the structured settlement. He admits that unquestionably he assumed duties not always performed by guardians ad litem. But he maintains that this was necessary to get the maximum recovery for the minor. He argues that during the time he was "lead negotiator," the Defendants' offer increased from $400,000.00 to $2,250,000.00. Moreover, the Ad Litem points out that the *Valley Coca–Cola* court held that an ad litem fee of from between fifteen and eighteen percent of the client's recovery represented a reasonable relationship between the sums involved and the fee awarded. By this standard, an ad

litem fee of $150,000.00 is not unreasonable. The $20,000.00 fee awarded was, the Ad Litem argues, the product of bias and prejudice proceeding from hostility toward the Ad Litem.

■ The record does not show that the trial judge refused to consider the Ad Litem's fee statement as he contends. During the hearing, the judge expressed considerable skepticism that so much time was required to protect the ward's interest. However, healthy skepticism is not the equivalent of hostility, nor is it indicative of bias or prejudice. A judge's expression from the bench of an opinion about the law that controls a legal problem before him does not in itself constitute bias or prejudice. *Chavarria v. Macias*, 252 S.W.2d 262, 264 (Tex.Civ.App.—San Antonio 1952, no writ). Contrary to the hostility asserted by the Ad Litem, the judge characterized the Ad Litem as a good friend, and expressed regret at having to set a fee that fell so short of the Ad Litem's expectations. It can hardly be denied that the Ad Litem spent an extraordinary amount of time on the case. The Plaintiff's counsel told the court that he had been of great assistance and characterized his role as "unique."

■ The record shows that the judge compared the total time expended by Plaintiff's counsel with the hours claimed by the Guardian Ad Litem. The trial judge determined that the adult Rodriguezes never took a position adverse to their child. The Ad Litem's own statement of services rendered in the case shows that a substantial part of the work he performed was, at least arguably, the proper function of the Plaintiff's attorney and beyond the scope of the duties of a guardian ad litem. The Ad Litem's statement shows that he assisted in the filing and service of the Plaintiff's pleadings, assisted in the service of process on one of the Defendants, participated in strategy sessions with Plaintiff's counsel regarding pre-trial motions, discovery, trial activities, possible appellate points, assumed the lead in settlement negotiations, thereby freeing the Plaintiff's counsel for trial preparation, reviewed jury lists, and participated in the voir dire examination. The guardian ad litem is re-

quired to participate in the case to the extent necessary to protect the ward. *Pleasant Hills Children's Home v. Nida,* 596 S.W.2d 947, 951 (Tex.Civ.App.—Fort Worth 1980, no writ); *Coastal States Gas Producing Co. v. Locker,* 436 S.W.2d 592, 596 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). Obviously, the guardian ad litem should be allowed considerable latitude in determining what depositions, hearings, conferences, or other activities are necessary to that effort. *Phillips Petroleum,* 702 S.W.2d at 675. However, the guardian ad litem is appointed by the court to assist it in properly protecting an infant's interest against an apparent adverse interest of its parents or next friend. A guardian ad litem who goes beyond his role and assumes the duties of plaintiff's attorney is not entitled to compensation for work done assisting or acting for plaintiff's counsel. *Dawson v. Garcia,* 666 S.W.2d 254, 265 (Tex.App.—Dallas 1984, no writ). The trial judge is in a better position than an appellate court to determine where the role of an ad litem ends and that of plaintiff's counsel begins. We cannot say that the trial judge abused his discretion in discounting, as non-compensable, part of the work claimed, because it was beyond the scope of a guardian ad litem's duties. As Appellees argue, even with a limited reduction in compensable hours, the Guardian Ad Litem's hourly rate quickly rises to reasonable levels. If the judge discounted one-half of the hours claimed, the fee amounts to a more than respectable $132.85 per hour.

■ We cannot agree that the trial judge acted without reference to appropriate guiding rules and principles so that his conduct was arbitrary and capricious, constituting an abuse of discretion. We can agree with Appellant that the trial judge might have set a higher fee without abusing his discretion. It is true that in those cases cited by Appellant, the court awarded the guardian ad litem a higher fee in relationship to the ward's recovery than the trial judge awarded in this case. However, in each of those cases, the defendant/appellant sought to reduce the guardian's fee, claiming an abuse of discretion. The appellate courts in the cases relied upon by Appellant were con-

strained to view the record in the light most congenial to the fee awarded and to reverse the trial court's decision only if that record demonstrated a clear abuse of discretion. In reviewing this case, we are faced with the same test. A trial judge's award of a guardian ad litem fee is undoubtedly subject to appellate review for inadequacy as well as excessiveness. However, we have discovered no Texas cases in which an appellate court held that the trial judge abused his discretion by setting an inadequate guardian ad litem fee. Points one, two, three, and six are overruled.

In his fourth point of error, the Guardian Ad Litem contends that the trial court erred in failing and refusing to sever the ad litem fee issue and in refusing to permit a full evidentiary hearing on the fee issue.

 Appellant's only statement regarding severance was, "We would be happy to sever that judge." This falls short of constituting a request for severance. A trial court has broad discretion to order or to decline to order a severance. *McGuire v. Commercial Union Ins. Co.*, 431 S.W.2d 347, 351 (Tex.1968). The complaining party must demonstrate prejudice resulting from the allegedly erroneous order. *Parker v. Potts*, 342 S.W.2d 634, 636 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.). No such showing has been made. Appellant's point number four is overruled.

In his fifth point of error, Appellant urges that the trial court erred in denying his two motions for reconsideration with accompanying evidentiary exhibits, and in denying his motion for new trial.

■ A movant for new trial or reconsideration is not entitled to a hearing on the motion unless it presents grounds which require the presentation of testimony. *Moore v. Mauldin*, 428 S.W.2d 808, 809 (Tex.1968). The motions for reconsideration were accompanied by offers of additional evidence.

■ To obtain a new trial or the reconsideration of a factual matter determined by the trial court on the basis of new evidence, the movant must show (1) that the evidence was unknown to the movant before trial, (2) that it could not have been discover-ed earlier through the exercise of diligence, (3) that it was not cumulative, and (4) that it would probably produce a different result. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983). The Guardian Ad Litem made no attempt to satisfy this test. Therefore, there was no competent evidence to be presented. Moreover, the arguments raised in Appellant's motions were essentially the same as those advanced at the fee hearing. The trial court committed no error in overruling Appellant's post-trial motions without a hearing.

The judgment of the trial court is affirmed.