TEX–PACK EXPRESS, L.P., Appellant,

v.

Diane MARTIN, Individually and as Guardian of the Person and Estate of Justin Martin, an Incapacitated Person, and Michele Dipaola as Next Friend of Ashton Blake Martin, A Minor, Appellees.

No. 12–01–00202–CV.

Court of Appeals of Texas, Tyler.

June 12, 2002.

Michael E. Starr, Tyler, for appellant.

John S. Ament, Jacksonville, Roger W. Anderson, Tyler, Paul F. Waldner, Houston, for appellee.

Panel consisted of WORTHEN, J., and GRIFFITH, J.

JIM WORTHEN, Justice.

Tex–Pack Express, L.P. ("Tex–Pack") appeals the trial court's award of $100,000.00 in ad litem fees in conjunction with its final judgment. Tex–Pack, in a single issue, contends that the trial court abused its discretion by awarding the fees to the guardian ad litem, John Ament ("Ament"), in the absence of evidence to support such an award.

We reverse and remand.

### BACKGROUND

Twenty-four-year-old Justin Martin ("Justin") sustained a serious closed head and lower brain stem injury as a result of being hit by a truck owned by Tex–Pack on September 4, 1999. Two-and-a-half months later, a Cherokee County court appointed Justin's mother, Diane Martin ("Diane"), as the permanent guardian of both his person and estate due to his total incapacity. In January 2000, Diane filed suit on behalf of Justin against Tex–Pack for its alleged negligence. In August 2000, the trial court appointed Ament as the guardian ad litem on behalf of Justin in the ongoing lawsuit against Tex–Pack. This appointment was authorized under Texas Rule of Civil Procedure 173 which states:

> When a minor, lunatic, idiot or a non-compos mentis may be a defendant to a suit and has no guardian within this State, or where such person is a party to a suit either as plaintiff, defendant or intervenor and is represented by a next friend or a guardian who appears to the court to have an interest adverse to such minor, lunatic, idiot or non-compos mentis, the court shall appoint a guardian ad litem for such person and shall allow him a reasonable fee for his services to be taxed as a part of the costs.

TEX.R. CIV. P. 173.

Following a jury trial in April 2001, Justin was awarded $3,916,268.28 from Tex–Pack. Prior to entering its final judgment, the trial court held a hearing on the guardian ad litem fees for Ament. The court took judicial notice of Ament's verified motion for guardian ad litem's fee. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.004 (Vernon 1997). Ament verified that he had incurred 113.75 hours in his guardian ad litem representation of Justin. He stated that a reasonable hourly fee in this geographic area was $200.00 per hour. Ament further explained that the "employment situation of a guardian ad litem is contingent." He went on to request that the trial court award him an attorney's fee of $175,000.00 as a reasonable fee for his guardian ad litem services on behalf of Justin. Following this hearing, the trial court entered its final judgment in the case, which included awarding the $100,000.00 as a guardian ad litem's fee for Ament. Tex–Pack timely perfected its appeal but has only challenged the part of the trial court's judgment awarding guardian ad litem fees to Ament.

### AWARD OF AD LITEM FEES

In its only issue, Tex–Pack asserts that the trial court abused its discretion when it awarded Ament attorney's fees of $100,000.00, based upon a contingency, for his services as guardian ad litem for Justin.

### Standard of Review

■ A guardian ad litem is entitled to a reasonable fee for his services to be taxed

as part of the costs. *See* TEX.R. CIV. P. 173. The award of guardian ad litem fees is in the sound discretion of the trial court. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 794 (Tex.1987). A trial court abuses its discretion if the proponent produces no or insufficient evidence to support the allowance. *Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 738 (Tex. App.-Texarkana 1996, no pet.). Generally, trial courts employ the same factors used to determine the reasonableness of attorney's fees to ascertain an appropriate guardian ad litem fee. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999). These factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.*

### Analysis

■■ Ament states that his guardian ad litem fee amounted to 2.55% of the judgment recovered by Justin. He contends that this is a reasonable contingent fee for a guardian ad litem. However, that is not the test for determining what is a reasonable ad litem fee. It is improper to award a percentage of the recovery unless the order appointing the ad litem stated that the ad litem's fees were contingent upon success. *Dalworth Trucking Co.*, 924 S.W.2d at 738. No contingency fee was mentioned in the order appointing Ament as guardian ad litem. Courts have found an abuse of discretion where trial courts have awarded ad litem fees in excess of the hours worked plus the hours estimated to be necessary for post-trial matters multiplied by the amount submitted as a reasonable hourly fee, when such evidence was before the court, because the hourly rate encompasses the factors to be considered in determining a reasonable fee. *See Garcia v. Martinez*, 988 S.W.2d at 219; *DaimlerChrysler Corp. v. Brannon*, 67 S.W.3d 294, 301 (Tex.App.-Texarkana 2001, no pet). Here, Ament's testimony would have entitled him to a reasonable fee of $22,750.00 (113.75 hours times $200.00 per hour).

■ Ament posits that we should not disturb the trial court's award of a contingency fee based upon our previous opinion in *Roark v. Mother Frances*, 862 S.W.2d 643 (Tex.App.-Tyler 1993, writ denied). He contends that in *Roark* we determined that a trial judge is in a better position than an appellate court to determine where the role of an ad litem ends and that of plaintiff's counsel begins. *Id.* at 647. However, we note that the previous sentence in that opinion states: "[A] guardian ad litem who goes beyond his role and assumes the duties of plaintiff's attorney is not entitled to compensation for work done assisting or acting for plaintiff's counsel." *Id.* In the case before us, the attorneys for plaintiff Diane represented to the court that Ament greatly assisted them by taking the lead in

various aspects of the case. When an ad litem's work assists plaintiff's counsel who are working on a contingent basis, that work should not be charged against the losing party as part of their costs. *See Dalworth Trucking Co.*, 924 S.W.2d at 738–39. We hold that the trial court abused its discretion in awarding a contingency fee to the guardian ad litem.

### FURTHER EVIDENCE ON REMAND

Ament, in his brief, prays that if we determine the trial court abused its discretion in awarding a contingency fee to him, that we remand this cause back to the trial court for consideration of additional evidence, including evidence of settlement negotiations, structured settlements, and special needs trusts, in determining a reasonable ad litem fee. We agree that these items are properly compensable to a guardian ad litem. *See Brownsville–Valley Regional Medical Ctr. v. Gamez*, 894 S.W.2d 753, 756 (Tex.1995).

### CONCLUSION

The judgment of the trial court as to the guardian ad litem's fees is *reversed* and *remanded* to the trial court to consider further evidence as to all of the work performed by Ament in his role as guardian ad litem.