MARY'S OPINION HEADING 



 NO. 12-01-00202-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


TEX-PACK EXPRESS, L.P.,
§
 APPEAL FROM THE SECOND

APPELLANT


V.




DIANE MARTIN, INDIVIDUALLY AND
§
 JUDICIAL DISTRICT COURT OF

AS GUARDIAN OF THE PERSON AND


ESTATE OF JUSTIN MARTIN, AN

INCAPACITATED PERSON, AND

MICHELE DIPAOLA AS NEXT FRIEND

OF ASHTON BLAKE MARTIN, A MINOR,

APPELLEES
§
 CHEROKEE COUNTY, TEXAS

 

 Tex-Pack Express, L.P. ("Tex-Pack") appeals the trial court's award of $100,000.00 in ad litem
fees in conjunction with its final judgment. Tex-Pack, in a single issue, contends that the trial court
abused its discretion by awarding the fees to the guardian ad litem, John Ament ("Ament"), in the
absence of evidence to support such an award. We reverse and remand.


Background


 Twenty-four-year-old Justin Martin ("Justin") sustained a serious closed head and lower brain
stem injury as a result of being hit by a truck owned by Tex-Pack on September 4, 1999. Two-and-a-half months later, a Cherokee County court appointed Justin's mother, Diane Martin ("Diane"), as the
permanent guardian of both his person and estate due to his total incapacity. In January 2000, Diane
filed suit on behalf of Justin against Tex-Pack for its alleged negligence. In August 2000, the trial court
appointed Ament as the guardian ad litem on behalf of Justin in the ongoing lawsuit against Tex-Pack. 
This appointment was authorized under Texas Rule of Civil Procedure 173 which states:

 When a minor, lunatic, idiot or a non-compos mentis may be a defendant to a suit and has no guardian
within this State, or where such person is a party to a suit either as plaintiff, defendant or intervenor and
is represented by a next friend or a guardian who appears to the court to have an interest adverse to such
minor, lunatic, idiot or non-compos mentis, the court shall appoint a guardian ad litem for such person and
shall allow him a reasonable fee for his services to be taxed as a part of the costs.



Tex. R. Civ. P. 173.

 Following a jury trial in April 2001, Justin was awarded $3,916,268.28 from Tex-Pack. Prior
to entering its final judgment, the trial court held a hearing on the guardian ad litem fees for Ament. 
The court took judicial notice of Ament's verified motion for guardian ad litem's fee. See Tex. Civ.
Prac. & Rem. Code Ann. § 38.004 (Vernon 1997). Ament verified that he had incurred 113.75 hours
in his guardian ad litem representation of Justin. He stated that a reasonable hourly fee in this
geographic area was $200.00 per hour. Ament further explained that the "employment situation of a
guardian ad litem is contingent." He went on to request that the trial court award him an attorney's fee
of $175,000.00 as a reasonable fee for his guardian ad litem services on behalf of Justin. Following this
hearing, the trial court entered its final judgment in the case, which included awarding the $100,000.00
as a guardian ad litem's fee for Ament. Tex-Pack timely perfected its appeal but has only challenged
the part of the trial court's judgment awarding guardian ad litem fees to Ament.


Award of Ad Litem Fees


 In its only issue, Tex-Pack asserts that the trial court abused its discretion when it awarded
Ament attorney's fees of $100,000.00, based upon a contingency, for his services as guardian ad litem
for Justin.

Standard of Review

 A guardian ad litem is entitled to a reasonable fee for his services to be taxed as part of the costs. 
See Tex. R. Civ. P. 173. The award of guardian ad litem fees is in the sound discretion of the trial court. 
Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 794 (Tex. 1987). A trial court abuses its
discretion if the proponent produces no or insufficient evidence to support the allowance. Dalworth
Trucking Co. v. Bulen, 924 S.W.2d 728, 738 (Tex. App.-Texarkana 1996, no pet.). Generally, trial
courts employ the same factors used to determine the reasonableness of attorney's fees to ascertain an
appropriate guardian ad litem fee. Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). These
factors include:


 (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required
to perform the legal service properly;


 (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment
by the lawyer;


 (3) the fee customarily charged in the locality for similar legal services;


 (4) the amount involved and the results obtained;


 (5) the time limitations imposed by the client or by the circumstances;


 (6) the nature and length of the professional relationship with the client;


 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and


 (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal
services have been rendered.



Id. 

Analysis


 Ament states that his guardian ad litem fee amounted to 2.55% of the judgment recovered by
Justin. He contends that this is a reasonable contingent fee for a guardian ad litem. However, that is
not the test for determining what is a reasonable ad litem fee. It is improper to award a percentage of
the recovery unless the order appointing the ad litem stated that the ad litem's fees were contingent upon
success. Dalworth Trucking Co., 924 S.W.2d at 738. No contingency fee was mentioned in the order
appointing Ament as guardian ad litem. Courts have found an abuse of discretion where trial courts
have awarded ad litem fees in excess of the hours worked plus the hours estimated to be necessary for
post-trial matters multiplied by the amount submitted as a reasonable hourly fee, when such evidence
was before the court, because the hourly rate encompasses the factors to be considered in determining
a reasonable fee. See Garcia v. Martinez, 988 S.W.2d at 219; Daimler Chrysler Corp. v. Brannon,
67 S.W.3d 294, 301 (Tex. App.-Texarkana 2001, no pet). Here, Ament's testimony would have
entitled him to a reasonable fee of $22,750.00 (113.75 hours times $200.00 per hour).

 Ament posits that we should not disturb the trial court's award of a contingency fee based upon
our previous opinion in Roark v. Mother Frances, 862 S.W.2d 643 (Tex. App.-Tyler 1993, writ
denied). He contends that in Roark we determined that a trial judge is in a better position than an
appellate court to determine where the role of an ad litem ends and that of plaintiff's counsel begins. 
Id. at 647. However, we note that the previous sentence in that opinion states: "[A] guardian ad litem
who goes beyond his role and assumes the duties of plaintiff's attorney is not entitled to compensation
for work done assisting or acting for plaintiff's counsel." Id. In the case before us, the attorneys for
plaintiff Diane represented to the court that Ament greatly assisted them by taking the lead in various
aspects of the case. When an ad litem's work assists plaintiff's counsel who are working on a
contingent basis, that work should not be charged against the losing party as part of their costs. See
Dalworth Trucking Co., 924 S.W.2d at 738-39. We hold that the trial court abused its discretion in
awarding a contingency fee to the guardian ad litem.


Further Evidence on Remand


 Ament, in his brief, prays that if we determine the trial court abused its discretion in awarding
a contingency fee to him, that we remand this cause back to the trial court for consideration of
additional evidence, including evidence of settlement negotiations, structured settlements, and special
needs trusts, in determining a reasonable ad litem fee. We agree that these items are properly
compensable to a guardian ad litem. See Brownsville-Valley Regional Medical Ctr. v. Gamez, 894
S.W.2d 753, 756 (Tex. 1995). 


Conclusion


 The judgment of the trial court as to the guardian ad litem's fees is reversed and remanded to
the trial court to consider further evidence as to all of the work performed by Ament in his role as
guardian ad litem.


 JIM WORTHEN 

 Justice




Opinion delivered June 12, 2002.

Panel consisted of Worthen, J., and Griffith, J.




(PUBLISH)







COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



JUNE 12, 2002



NO. 12-01-00202-CV



TEX-PACK EXPRESS, L.P.,


Appellant


V.


DIANE MARTIN, INDIVIDUALLY AND AS GUARDIAN OF THE


PERSON AND ESTATE OF JUSTIN MARTIN, AN INCAPACITATED


PERSON, AND MICHELE DIPAOLA AS NEXT FRIEND OF


ASHTON BLAKE MARTIN, A MINOR,


Appellees



________________________________________________________________________ _____


 Appeal from the 2nd Judicial District Court


 of Cherokee County, Texas. (Tr.Ct.No. 2000-01-034)


________________________________________________________________ ____ ______


 THIS CAUSE came to be heard on the appellate record and the briefs filed
herein, and the same being inspected, because it is the opinion of this court that there was error in the
judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the
judgment be reversed and the cause remanded to the trial court for further proceedings to consider
further evidence as to the guardian ad litem fees and that all costs of this appeal are hereby adjudged
against the party incurring same; and that this decision be certified to the court below for observance.

 Jim Worthen, Justice.

 Panel consisted of Worthen, J., and Griffith, J.