Affirmed, in Part, and Reversed and Remanded, in Part, and Opinion filed
June 22, 2004









Affirmed, in Part, and Reversed and Remanded, in Part,
and Opinion filed June 22, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00525-CV

____________

 

CITY OF HOUSTON, Appellant

 

V.

 

MARY WOODS,
Individually and as next Friend of DARRELL WOODS, Appellees

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 1996-51958

 



 

O P I N I O N

The City of Houston appeals from the trial
court=s award of
guardian and attorney ad litem fees to David H. Melasky incurred in his
representation of a minor plaintiff=s personal injury
claims against the City.  We affirm, in
part, and reverse and remand, in part. 








                                                I. 
Background

On October 14,
1996, Mary Woods, individually and as next friend of her minor children, Edward
Woods, Thelma Woods, Darrell Woods, and LaShondra Woods, filed a lawsuit
against the City for personal injuries sustained in an automobile accident with
a vehicle owned by the City and operated by Eddie Newsome.  Newsome backed the City vehicle into the
vehicle Mary was driving.  Mary did not
own the vehicle she was driving; instead, it was owned by Winston Griffin.  Also, Mary did not have a valid driver=s license at the
time of the accident.  

Melvin R. Nowlin was the attorney for Mary
and the minor plaintiffs.  On September
26, 1997, the trial court appointed David H. Melasky as guardian ad litem for
Edward, Thelma, Darrell, and LaShondra. 
On April 14, 1998, the parties mediated the claims and reached a
settlement on the claims of Mary, LaShondra, Thelma, and Edward; however, no
judgment was entered at that time.  No
settlement was reached on Darrell=s claims; instead,
the parties agreed to a 60-day joint continuance to allow for an independent
medical exam of Darrell.  

On January 20, 1999, the City moved to
remove the guardian ad litem because Mary=s claims had been
settled and she was no longer a party to the case.  Darrell=s claims went to
trial and, on May 19, 1999, the jury found the City was not liable.  When the City moved for entry of judgment,
Melasky, the guardian ad litem, responded that (1) the proposed judgment could
be construed as a final judgment to the other minor plaintiffs because Darrell=s case had not
been severed; and (2) the judgment appeared to assess guardian ad litem fees
against Darrell, invading the province of the trial court to determine which
party should bear that expense.  Melasky
also informed the trial court he would be filing a motion for new trial.  








On June 4, 1999, the trial court entered a
take-nothing judgment on Mary=s claims against
the City.  On June 10, 1999, Melasky
filed a motion for new trial in which he argued the evidence established that
Eddie Newsome was negligent in backing the City-owned vehicle into the vehicle
Mary was driving.  Melasky also stated in
the motion that a juror informed him that the fact that Mary did not have a
driver=s license at the
time of the accident and Mary=s testimony that
she was not familiar with the vehicle, thereby impairing her ability to respond
to the truck backing into her, were factors in the jury=s finding of no
liability on the part of the City. 
Melasky asked the trial court to enter orders that would make it
possible for actions to be brought on behalf of Darrell against Mary, the owner
of the vehicle she was driving, Eddie Newsome, and the City.  

On June 29, 1999, the trial court granted
the motion for new trial and vacated the June 4, 1999 take nothing judgment on
Mary=s claims against
the City.  The trial court also appointed
Melasky as attorney ad litem for Darrell because of the Ainherent conflict@ between Mary and
Darrell.  The City opposed the
appointment of an attorney ad litem.  

On March 24, 2000, Melasky moved to
dismiss Darrell=s case without prejudice.  Darrell was examined by Dr. Edward Rashti,
M.D., who concluded that Darrell=s back injury Acannot be said to
still be present,@ but that rapid growth could mask an
underlying chronic back problem and any injury would not appear until Darrell=s growth period
ended.  Dr. Rashti stated that Darrell=s condition should
be reevaluated after he reaches age 18 to determine if any significant injury
persists.  Melasky argued that the
current suit would likely result in Darrell having no remedy should an injury
associated with the October 1994 accident reappear after his growth period
diminished; therefore, nonsuiting would preserve Darrell=s right to refile
if the injury should reappear.  On March
27, 2000, the trial court ordered Darrell=s claims severed
and dismissed Darrell=s suit without prejudice.  

On March 31, 2000, Melasky filed a motion
for costs or, in the alternative, motion to reinstate for the limited purpose
of the assessment of costs, in which he sought compensation for his services as
both guardian ad litem and attorney ad litem. 









On May 3, 2000, the trial court approved a
settlement agreement and entered judgment on claims asserted on behalf of the
other minor plaintiffsCThelma, LaShonda, and Edward.  The trial court also awarded Melasky guardian
ad litem fees in the amount of $3,500. 
On June 1, 2000, the trial court reinstated Darrell=s case for the
purpose of assessing costs and fees for the attorney ad litem and guardian ad
litem.  

On February 1, 2003, the trial court
awarded Melasky costs and fees in the amount of $13,614.15 for his services
rendered as attorney ad litem on behalf of Darrell, plus an additional $4,500
if an appeal regarding the fees and costs was filed in the court of appeals, an
additional $4,500 if writ of error was filed, an additional $3,000 if
application for writ of error was granted, and an additional $6,000 if any
additional appeals were taken.  The order
specifically stated the amounts awarded did not include any amounts previously
awarded for services rendered as guardian ad litem for the other minor
plaintiffs.  A hearing for the assessment
of costs was set for March 3, 2003.

On April 3, 2003, the trial court entered
a modified order on fees, ordering that fees and costs awarded to Melasky for
services rendered as both guardian ad litem and attorney ad litem on behalf of
Darrell in the February 1, 2003 order be assessed two-thirds against the City,
and one-third against Winston Griffin, the owner of the vehicle Mary was
driving.  The trial court found Agood cause exists
for this assessment in that David Melasky in both his capacity as Guardian [A]d
Litem and Attorney Ad Litem has acted in the best interest of Darrell Woods and
was necessary to protect the interests of the minor.  The Court finds that the City of Houston has
the financial ability to pay said costs and fees.@

                                                    II. 
Analysis








On appeal, the City complains the trial
court abused its discretion in awarding guardian ad litem fees for work
performed in the role as plaintiff=s attorney, the
trial court abused its discretion in refusing to remove the guardian ad litem
after the conflict between the next friend and the minor ended, the trial court
abused its discretion in assessing the guardian ad litem fees as costs against
the City because it was the successful party, and the trial court abused its
discretion in appointing an attorney ad litem and assessing attorney fees as
costs against the City.

                                             A.  Guardian Ad Litem

The City contends the guardian ad litem
exceeded his authority and performed many functions that were the duties of the
plaintiffs= attorney, i.e., he filed numerous
motions for continuance, separately designated expert witnesses for the minor
without authority, supplemented the plaintiff=s petition, and
moved for a new trial.  The City argues,
therefore, that the trial court abused its discretion by awarding attorney fees
for the work performed by the guardian ad litem in the role of a plaintiff=s attorney. 

Rule 173 of the Texas Rules of Civil
Procedure provides for the appointment of a guardian ad litem when a minor
(among others) is a party to a suit, and is represented by a next friend or a
guardian who appears to the court to have an interest adverse to the
minor.  Tex. R. Civ. Proc. 173. 
The trial court can only appoint a guardian ad litem where there is a
conflict of interest between the minor and the next friend.  Brownsville-Valley Reg=l Med. Ctr., Inc.
v. Gamez, 894 S.W.2d 753, 755 (Tex. 1995); Estate of Catlin v. General
Motors Corp., 936 S.W.2d 447, 452 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  The determination
of the existence of a conflict of interest requires the exercise of judicial
discretion.  Borden, Inc. v. Martinez,
19 S.W.3d 469, 472 (Tex. App.CSan Antonio 2000,
no pet.).  








Once appointed, the guardian ad litem
displaces the next friend and becomes the personal representative of the
minor.  Byrd v. Woodruff, 891
S.W.2d 689, 705 (Tex. App.CDallas 1994, writ
dism=d by agr.).  A guardian ad litem is not an attorney for
the child, but an officer appointed by the court to assist in properly protecting
the child=s interests.  Jocson v. Crabb, 133 S.W.3d 268, 271
(Tex. 2004); American Gen. Fire & Cas. Co. v. Vandewater, 907 S.W.2d
491, 493 n.2 (Tex. 1995).  The guardian
ad litem is required to participate in the case to the extent necessary to
protect the minor.  Jocson, 133
S.W.3d at 271; Vandewater, 907 S.W.2d at 493 n.2.  The guardian ad litem has considerable
latitude in determining what depositions, hearings, conferences, or other
activities are necessary to that effort. 
Byrd, 891 S.W.2d at 706; Roark v. Mother Frances Hosp.,
862 S.W.2d 643, 647 (Tex. App.CTyler 1993, writ
denied).  The guardian ad litem
participates in such proceedings as the personal representative of the minor,
not as an attorney for the minor.  Byrd,
891 S.W.2d at 706.  Thus, the guardian ad
litem is not entitled to compensation for assuming the duties of plaintiff=s attorney.  Marshal Investigation & Sec. Agency v.
Whitaker, 962 S.W.2d 62, 63 (Tex. App.CHouston [1st
Dist.] 1997, no pet.); Roark, 862 S.W.2d at 647.  The trial court is in a better position than
an appellate court to determine where the role of an ad litem ends and that of
plaintiff=s counsel begins.  Roark, 862 S.W.2d at 647.  

Melasky asserts the actions of the
guardian ad litem were consistent with those of a guardian ad litem.  See Byrd, 891 S.W.2d at 706.  Melasky states that initially he only
observed the jury trial and participated in a limited role only to the extent
necessary to protect the minor=s interest.  Melasky argues evidence of his role as
guardian ad litem was presented to the trial court during an evidentiary
hearing on his fees.  However, no
reporter=s record is before
this court.  Melasky states in his
appellate brief that the trial court held evidentiary hearings on the ad litem
fees on April 17, 2002, March 3, 2003, and March 31, 2003.  The City does not dispute this.  

The appellate court may reverse a trial
court for abuse of discretion only if, after searching the record, it is clear
the trial court=s decision was arbitrary and
unreasonable.  Simon v. York Crane
& Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987).  The party complaining of an abuse of
discretion bears the burden of bringing forth the record showing such abuse; in
the absence of the record, the reviewing court must assume the evidence before
the trial court was adequate to support the decision.  Id.; Fiesta Mart, Inc. v. Hall,
886 S.W.2d 440, 442B43 (Tex. App.CHouston [1st
Dist.] 1994, no writ).  








The work performed by Melasky as guardian
ad litem of which the City complains includes filing a number of motions for
continuance, separately designating expert witnesses, moving for a new trial,
and supplementing the plaintiff=s petition.  With the exception of supplementing Darrell=s petition, all
other work of which the City complains was performed by Melasky prior to his
appointment as attorney ad litem.  

The award of guardian ad litem fees is in
the sound discretion of the trial court, and will not be set aside unless there
is evidence that the trial court abused its discretion.  Garcia v. Martinez, 988 S.W.2d 219,
222 (Tex. 1999); Gamez, 894 S.W.2d at 756.  The trial court abuses its discretion if
there is insufficient evidence to support the allowance.  Tex-Pack Express, L.P. v. Martin, 80
S.W.3d 666, 668 (Tex. App.CTyler 2002, no
pet.); Borden, Inc., 19 S.W.3d at 471; Dalworth Trucking Co. v. Bulen,
924 S.W.2d 728, 738 (Tex. App.CTexarkana 1996, no
writ).  In the absence of a record on the
guardian ad litem fee hearings, we do not know what evidence was presented
supporting the guardian ad litem=s fee for work
performed prior to the appointment of the attorney ad litem and, therefore, we
will presume the evidence is sufficient to support such award.  

                                                      B.  Conflict

The City also argues the trial court
abused its discretion by refusing to remove the guardian ad litem after the
conflict between Mary and Darrell had ended and by awarding guardian ad litem
fees after Mary settled her claim with the City.  The City contends that once Mary=s claims had been
settled, she no longer had a conflict of interest with Darrell.  Once the conflict between the next friend and
minor ends, the trial court should remove the guardian ad litem.  Gamez, 894 S.W.2d at 755; Catlin,
936 S.W.2d at 452.  








The clerk=s record reflects
that while Mary and the City had mediated her claims and reached a settlement
agreement on April 14, 1998, no judgment on her claim was entered until June 4,
1999; therefore, Mary was still a party to the suit until that time.  Moreover, Melasky had already informed the
trial court on May 19, 1999, that he believed Darrell should be allowed to
pursue a negligence claim against Mary for injuries sustained in the accident
and would accordingly, file a motion for new trial.  The trial court granted the motion for new
trial filed on behalf of Darrell and vacated the take nothing judgment entered
on Mary=s claims against
the City.  We find that the conflict
between Mary, as next friend, and Darrell had not ended.  Therefore, the trial court did not abuse its
discretion in not removing the guardian ad litem after Mary had mediated and
settled her claims with the City. 

                                               C.  Successful Party

The City also asserts that because it was
the Asuccessful party@ in this matter,
it should not have been assessed the guardian ad litem fees in the absence of
good cause.  The City argues that
although the trial court granted a new trial, it, nonetheless, is the Asuccessful party@ because it has
never been found liable for Darrell=s injuries because
his claims were non-suited.  

A guardian ad litem is entitled to a
reasonable fee for his services to be taxed as part of the costs.  Garcia, 988 S.W.2d at 222; Dover
Elevator Co. v. Servellon, 876 S.W.2d 166, 169 (Tex. App.CDallas 1993, no
writ); Tex-Pack Express, L.P., 80 S.W.3d at 667B68; Tex. R. Civ. P. 173.  Rule 131 of the Texas Rules of Civil
Procedure provides for the assessment of costs to the non-successful
party.  See Tex. R. Civ. P. 131 (providing that A[t]he successful
party to a suit shall recover of his adversary all costs incurred therein,
except where otherwise provided@).  A Asuccessful party@ is defined as Aone who obtains
judgment of a competent court vindicating a civil right or claim.@  Operation Rescue-Nat=l v. Planned
Parenthood of Houston & S.E. Tex., Inc., 937 S.W.2d 60, 86 (Tex. App.CHouston [14th
Dist.] 1996), aff=d as modified, 975 S.W.2d 546
(Tex. 1998).  The trial court may not
assess costs other than provided by Rule 131 unless good cause is shown.  Operation Rescue-Nat=l, 937 S.W.2d at
87; Dover Elevator Co., 876 S.W.2d at 169; Tex. R. Civ. P. 141 (providing that A[t]he court may,
for good cause, to be stated on the record, adjudge the costs otherwise than as
provided by law or these rules@). 








Here, no judgment Avindicating a
civil right or claim@ was entered.  Instead, all of Darrell=s claims were
nonsuited.  Rule 162 of the Texas Rules
of Civil Procedure, providing for nonsuits, states A[a]ny dismissal
pursuant to this rule which terminates the case shall authorize the clerk to
tax court costs against dismissing party unless otherwise ordered by the
court.@  Tex. R. Civ. P. 162 (emphasis
added).  When a plaintiff abandons an
action by obtaining a nonsuit, that plaintiff is liable for all costs.  Leon Springs Gas Co. v. Restaurant Equip.
Leasing Co., 961 S.W.2d 574, 580 (Tex. App.CSan Antonio 1997,
no pet.); Wolters v. White, 659 S.W.2d 885, 887 (Tex. App.CSan Antonio 1983,
writ dism=d); City of Houston v. Blackbird,
658 S.W.2d 269, 273 (Tex. App.CHouston [1st
Dist.] 1983, writ dism=d); Anglo Exploration Corp. v. Grayshon,
562 S.W.2d 567, 568 (Tex. Civ. App.CHouston [14th
Dist.] 1978, writ ref=d n.r.e.). 
Thus, when a plaintiff dismisses his claims against the defendant, Athe defendant is
the successful party and should recover its costs under [Rule 131].@  Reed v. State, 78 S.W.3d 254, 256
(Tex. Civ. App.CAustin 1934, writ denied); Bruce v.
Knodell, 103 S.W. 433, 435 (Tex. Civ. App. 1907, no writ).  

Here, the City was the successful
party.  However, the trial court may for
good cause stated on the record otherwise tax costs.  Reed, 78 S.W.2d at 256.  Therefore, even if the City is considered a
successful party, the trial court may award costs against it for good
cause.  

In its order, the trial court based its
good cause finding on the City=s financial
ability to pay costs and fees.[1]  However, without the record of the
evidentiary hearing, we must presume the evidence supports a finding of good
cause.  See Simon, 739 S.W.2d at
795. 








                                              D.  Attorney Ad Litem

The City also
complains the trial court abused its discretion in (1) appointing an attorney
ad litem and assessing the attorney ad litem=s fees as costs
against the City; and (2) appointing the guardian ad litem as attorney ad litem
and assessing fees against the City for work performed as attorney ad
litem.  We agree.  

Guardian ad litems and attorney ad litems
serve different roles in the representation of minors.  duPont v. Southern Nat=l Bank, 771 F.2d 874,
882 (5th Cir. 1985).  A guardian ad litem
is not an attorney for the child, but an officer appointed by the court to
assist in properly protecting the child=s interests.  Jocson, 133 S.W.3d at 271; Vandewater,
907 S.W.2d at 493 n.2.  An attorney ad
litem, on the other hand, performs the same services as any other attorneyCgiving advice,
doing research, and conducting litigation. 
duPont, 771 F.2d at 882. 

Often times courts and parties use the
terms guardian ad litem and attorney ad litem interchangeably despite their
differences.  Williamson v. Roberts,
52 S.W.3d 354, 355 n.1 (Tex. App.CTexarkana 2001), aff=d, 111 S.W.3d 113
(Tex. 2003).  The improper designation of
a guardian ad litem as an attorney ad litem is not fatal.  Celanese Chem. Co. v. Burleson, 821
S.W.2d 257, 260 (Tex. App.CHouston [1st
Dist.] 1991, no writ); Phillips Petroleum Co.v. Welch, 702 S.W.2d 672,
674 (Tex. App.CHouston [14th Dist.] 1985, writ ref=d n.r.e.).  That situation, however, is not applicable to
these facts given that the guardian ad litem specifically moved for the
appointment of an attorney ad litem and the trial court specifically awarded
fees for services rendered as both guardian ad litem and attorney ad
litem.  








A guardian ad litem is entitled to a
reasonable fee for his services to be taxed as costs.  Tex.
R. Civ. P. 173.  Upon a finding of
good cause, such fee can be assessed against the other party, even if that party
was the Asuccessful party.@  Tex.
R. Civ. P. 141.  However, there is
no provision to tax attorney fees as costs to the opposing party.  See Marshall Investigation & Sec.
Agency, 962 S.W.2d at 63 (O=Connor, J.
concurring) (explaining there is no authority under case law, Probate Code, or
Family Code to appoint attorney for minor to assist as co-counsel and to charge
attorney fees against successful party); Roark, 862 S.W.2d at 647
(stating guardian ad litems are not entitled to compensation for assuming
duties of plaintiff=s attorneys).  Indeed, attorney fees may not be recovered
unless provided for by statute or by contract between the parties.  Dallas Cent. Appraisal Dist. v. Seven Inv.
Co., 835 S.W.2d 75, 77 (Tex. 1992). 
More specifically, no statute provides for the recovery of attorney fees
in a negligence action.  Gulf States
Utils. Co. v. Low, 79 S.W.3d 561, 568 (Tex. 2002).  Instead, attorneys in personal injury cases
are compensated out of the funds recovered by the plaintiff on a contingency
basis.  Catlin, 936 S.W.2d at
452.  We find the trial court abused its
discretion in awarding attorneys fees assessed as costs against the City. 

                                                 III. 
Conclusion

Finding that the trial court abused its
discretion in awarding attorney fees to the attorney ad litem as costs against
the City, we reverse and remand that portion of the judgment awarding Melasky attorney
ad litem fees and order the trial court to reform its judgment by excluding any
sums awarded as attorney fees.  We affirm
that portion of the judgment awarding guardian ad litem fees for work performed
prior to the appointment of David Melasky as attorney ad litem.  The judgment of the trial court is affirmed,
in part, and reversed and remanded, in part. 


 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment
rendered and Opinion filed June 22, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  It has been
previously held that the unsuccessful minor=s
inability to pay guardian ad litem fees is sufficient to support awarding such
fees against the successful party, particularly when considered with other factors
such as (1) the importance of the minor having competent representation; (2)
the defendants= deriving a benefit from the guardian ad litem because
of the desire to have a judgment not overturned for failure to appoint a
guardian ad litem, and (3) no demonstration in the record that the minor=s claim was frivolous. 
Davis v. Henley, 471 S.W.2d 883, 885 (Tex. Civ. App.CHouston [1st Dist.] 1971, writ ref=d n.r.e.).