**Susan DIAMOND, Appellant**

v.

**Richard SAN SOUCIE, Appellee.**

**No. 05–06–01342–CV.**

Court of Appeals of Texas, Dallas.

Nov. 20, 2007.

---

Mary D. McKnight, Law Office of McKnight & Young, L.L.P., Keith D. Becker, Attorney At Law, Dallas, TX for Appellant.

Peggy C. Pasquini, Robert Sullivan, Tracey E. Gajak, Sullivan & Cook, LLC, Kent F. Brooks, Law Office of Kent F. Brooks, Dallas, TX, for Appellee.

Before Justices O'NEILL, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice RICHTER.

This appeal stems from the trial court's award of attorney's fees in a conservatorship action. After six years of litigation, the trial court awarded attorney's fees to appellee Richard San Soucie and to the guardian ad litem. Appellant Susan Diamond challenges the award in six issues, claiming: (1) the billing records failed to provide sufficient detail to establish the services rendered; (2) the fees were not segregated; (3) the award improperly included fees incurred during trial of the matter before a visiting judge; (4) the award improperly included fees incurred on appeal; (5) the guardian ad litem was not entitled to recover fees for attending trial; and (6) there is no evidence to support several of the trial court's findings of fact. Finding no reversible error, we affirm.

### BACKGROUND

The August 29, 2000 divorce of Diamond and San Soucie was the genesis of a contentious conservatorship battle. The court appointed Patricia Keane, a licensed attorney, to serve as guardian ad litem for the San Soucie children. Keane was initially appointed in 2001, and was reappointed in 2003. From 2000–2004, Diamond also pursued a separate civil lawsuit against San Soucie in the 101st District Court (the 101 suit). The conservatorship case was initially tried in 2002, but was vacated and remanded on appeal based on Diamond's pre-trial objection to the visiting judge who presided at trial. The case was tried again in 2006, and a jury verdict named San Soucie sole managing conservator of the children. The parties agreed to submit the attorney's fees issue to the court. After a hearing, the court made detailed findings of fact and conclusions of law and awarded attorney's fees to San Soucie and

Keane pursuant to Tex. Fam.Code Ann. § 106.002 (Vernon 2006). The attorney's fees award is the sole basis of this appeal.

## Standard of Review

We review a trial court's award of attorney's fees under an abuse of discretion standard. *See Bruni v. Bruni,* 924 S.W.2d 366, 368 (Tex.1996); *In the Interest of B.A.B.,* 124 S.W.3d 417, 422 (Tex.App.-Dallas 2004, no pet.). A trial judge abuses his discretion as to factual matters when he acts unreasonably or arbitrarily. *Beck v. Walker,* 154 S.W.3d 895, 903 (Tex.App.-Dallas 2005, no pet.). A trial judge abuses his discretion as to legal matters when he acts without reference to any guiding principles. *Niskar v, Niskar,* 136 S.W.3d 749, 753 (Tex.App.-Dallas 2004, no pet.). Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds for asserting error. Rather, they are factors relevant to the abuse of discretion determination. *Id* at 753; *see also, Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). A trial court abuses its discretion if there is no evidence or insufficient evidence to support the fee award. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998).

## Discussion

*Were San Soucie's Fees Reasonable?*

■ In her first issue, Diamond argues San Soucie failed to establish the need for services and time expended because he did not provide sufficiently detailed billing records. Our inquiry involves a determination of whether there is sufficient evidence to establish the fees were reasonable.

■ The trial court may award reasonable attorney's fees and costs in a family law case. *See* Tex. Fam.Code Ann. § 106.002 (Vernon 2006). The reasonableness of attorney's fees is a question of fact and must be supported by the evidence. *Petco Animal Supplies, Inc. v. Schuster,* 144 S.W.3d 554, 567 (Tex.App.-Austin 2004, no pet.). Whether the fees are necessary is also a fact question. *See General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 961 (Tex.1996). In *Arthur Andersen & Co. v. Perry Equipment Corp.,* 945 S.W.2d 812, 818 (Tex.1997), the supreme court outlined factors to guide the determination of whether fees are reasonable and necessary. The factors include: the time, labor, and skill required to properly perform the legal service; the novelty and difficulty of the questions involved; the customary fees charged in the local legal community for similar services; the amount involved and the results obtained; the nature and length of the professional relationship with the client; and the experience, reputation, and ability of the lawyer performing the service. *Id.* (*citing* Tex. Disciplinary R. Prof'l Conduct 1.04(b), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G, app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9)). But not all factors must be considered in every case; instead, the factors are general guidelines for the court's consideration. *See Burnside Air Conditioning and Heating, Inc. v. T.S. Young Corp.,* 113 S.W.3d 889 (Tex.App.-Dallas 2003, no pet.); *Petco Animal Supplies, Inc.* 144 S.W.3d at 567.

San Soucie provided redacted billing records to Diamond in discovery. The records reflected the time expended and the hourly rate at which the time was billed, but the description of the services performed was completely redacted. For over five years, Diamond did not object or otherwise seek the trial court's assistance in obtaining more detailed records. Prior to trial, San Soucie supplemented the discovery with billing records for the two months immediately preceding trial. The supplemental records were redacted in the same fashion as those previously produced.

On the day of the hearing, Diamond objected that the billing records contained insufficient detail. The court noted the untimeliness of the objection, and overruled it subject to cross-examination. On cross-examination, however, Diamond focused only on whether fees incurred on appeal and in the 101 case had been segregated from the fees in the conservatorship case. Not a single question was asked about the nature or necessity of specific services rendered in the conservatorship case.

■ The court admitted into evidence five years worth of billing statements substantiating the amount of fees claimed. The statements described the hourly rate for each person working on the case, the number of hours and fees for each month, and the total amount of fees incurred. A summary of the invoices showing payments, credits, discounts, and the current balance due was also admitted into evidence. San Soucie's counsel testified the fees incurred were reasonable, customary, and necessary. Counsel also testified that he took all of the Rule 1.04 factors into consideration when setting his fee and throughout the litigation. He testified about his level of experience and professional relationship with the client. Diamond did not offer any evidence to controvert whether any of the specific services rendered in the conservatorship litigation were reasonable and necessary, nor did she raise the issue on cross-examination. Clear, direct, and uncontroverted evidence of attorney's fees is taken as true as a matter of law, especially when the opposing party has the means and opportunity to disprove the testimony. *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex.1990). The evidence sufficiently addresses the *Arthur Andersen* factors and supports the trial court's conclusion that the fees were reasonable and

necessary. We therefore decline to hold the trial court abused its discretion in awarding the fees. Because we conclude there was sufficient evidence the fees were reasonable, we need not address San Soucie's alternative argument concerning judicial notice.

*Did the Award Include Fees that Should Have been Segregated?*

■ In her second, third, and fourth issues, Diamond contends the award included fees that should have been segregated because they were not recoverable. Specifically, Diamond maintains the billing records included charges incurred in the 101 suit, during the trial before the visiting judge, and on appeal of the judgment entered by the visiting judge.

■ If attorney's fees relate solely to a claim for which such fees are nonrecoverable, a claimant must segregate recoverable from unrecoverable fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex.2006). But when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined, they need not be segregated. *Id.* at 313–314.

San Soucie's counsel testified he wrote off the fees charged for work in the 101 case. The billing records reflect these write-off's and discounts. Counsel also testified that the appeal of the judgment entered by the visiting judge was handled by another attorney. Although he provided some peripheral services in connection with the appeal, the fees for such services were not capable of being segregated. Diamond not only failed to cross-examine on this point, but offered no evidence to refute that the services rendered in connection with the appeal were not recoverable. Moreover, the trial court discounted the fees from $299,968.76 to $269,073.45, and found that the approximate $40,000–

$50,000 discount San Soucie's counsel applied to the bill exceeded the total amount that would have been charged in the 101 case. The court further found that the $269,073.45 was segregated from the total bill for all legal services provided to San Soucie. The record does not reflect the exact nature of the 101 case.[1] But even if we assume fees were required to be segregated, fees were written off and further adjusted by the trial court. Diamond failed to establish these adjustments were insufficient.

 Diamond also contends the fees incurred in the first trial of this matter are not recoverable. The crux of this argument for which Diamond offers no support is that counsel should not be compensated for the fees incurred during the two years the visiting judge presided because the judge was ultimately found to lack jurisdiction. But the appellate disposition of the first judgment has no bearing on whether the attorney's fees incurred at trial were reasonable. The award was not premised on a statutory or common law basis overturned on appeal. The first and second trial of the conservatorship occurred in the same case. When the visiting judge refused to recuse herself, San Soucie's counsel had no reasonable alternative but to proceed with the representation of his client in the litigation. The evidence in the record supports the trial court's finding that the total amount of all fees were reasonable and necessary. Diamond's second, third, and fourth issues are resolved against her.

*Do the Trial Court's Findings Support the Award?*

 The trial court entered 85 findings of fact and conclusions of law. Findings 74 and 75 state:

74. The reasonable attorney's fees incurred by San Soucie in this cause in were $269,073.43.

75. The reasonable attorney's fees incurred by San Soucie in this cause in the amount of $269,073.45 were also necessary and customary and were exacerbated by the conduct of Diamond during the course of litigation.

The trial court also found it was in the best interest of the children that Diamond pay San Soucie's attorney's fees and 75% of the ad litem's attorney's fees. In her sixth issue, Diamond argues seven of the trial court's findings of fact are not supported by the evidence. But she does not challenge findings 74, 75, and the finding that the award of attorney's fees was in the best interest of the children. We treat unchallenged fact findings as true. *See Hotel Partners v. KPMG Peat Marwick,* 847 S.W.2d 630, 632 (Tex.App.-Dallas 1993, writ denied). Any unchallenged findings of fact that support the judgment will preclude reversal of the case. *Zagorski v. Zagorski,* 116 S.W.3d 309, 318 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). The unchallenged findings support the trial court's award of attorney's fees against Diamond. We therefore need not determine whether sufficient evidence supports the findings Diamond challenges on appeal.

*Was The Ad Litem Entitled to Attorney's Fees For Trial Attendance?*

 The trial court awarded Keane $18,910.21 for attorney's fees incurred on behalf of the minor children, and found the fees were reasonable, necessary, custom-

---

1. San Soucie's counsel testified the 101 case was nothing more than leverage in the conservatorship action. Diamond characterizes the suit as a post-divorce undivided property case.

ary, and exacerbated by the conduct of Diamond. The court also found Keane's testimony concerning attorney's fees was clear, direct, and uncontroverted. In her fifth issue, Diamond challenges these findings and asserts the trial court erred when it awarded fees the ad litem incurred attending trial. The sole basis of Diamond's attack on the court's findings is her insistence that the trial court specifically excluded the ad litem from trial to avoid unnecessary fees. Diamond's argument, however, is premised on the notion that one of the trial court's findings means the direct opposite of what the court expressed. The finding states:

> The Court, in allotting time for the parties and guardian litem [sic] to present their cases to the court, allowed Keane three (3) hours. This in no way operated as a limitation on Keane's hourly billing or limited Keane's attendance or participation in the trial of this matter outside the scope of the allotted three (3) hours.

The record also reflects the trial court attempted to clarify Diamond's misinterpretation of his order during one of the hearings. The court explained that the time limitations he imposed on all of the parties, including the ad litem, pertained to the examination of witnesses and presentation of argument trial time. There was no limitation on the time the ad litem could be in the courtroom. Despite the trial court's finding and explanation, Diamond would have us believe the court really intended otherwise. We decline to indulge such unsubstantiated speculation.

 The interpretation Diamond advances is not only unsupported by the record, but contrary to well-established law. An ad litem is entitled to attend all legal proceedings. TEX. FAM.CODE ANN. § 107.002(c) (Vernon 2006). Because the ad litem is required to participate to the extent necessary to protect the ward, she "should be allowed considerable latitude in determining what depositions, hearings, conferences or other activities are necessary to that effort." See Roark v. Mother Frances Hosp., 862 S.W.2d 643, 648 (Tex. App.-Tyler 1993, writ denied). If Keane had been excluded from trial, her ability to effectively question witnesses, make recommendations to the jury, and protect the best interest of the children would have been significantly diminished. As the trial court observed, it was up to Keane to determine when she needed to be present.

An ad litem is entitled to compensation for her services. See TEX. FAM.CODE ANN. § 107.006(3)(d) (Vernon 2006). Keane provided billing records and testified concerning the reasonable and necessary fees she incurred. Her testimony was uncontroverted. The trial court did not err by including the time Keane spent at trial in the total amount of fees awarded. Diamond's fifth issue is resolved against her. The judgment of the trial court is affirmed.